Carolyn Jean BROWN, Appellant,

v.

McLENNAN COUNTY CHILDREN'S PROTECTIVE SERVICES OF the TEXAS DEPARTMENT OF HUMAN RESOURCES, et al., Appellees.

No. 6262.

Court of Civil Appeals of Texas, Waco.

May 14, 1981.

Rehearing Denied June 11, 1981.

Joseph M. Layman, Robinson, for appellant.

Frank M. Fitzpatrick, Jr., Asst. Dist. Atty., Waco, for appellees.

## OPINION

JAMES, Justice.

This case involves the termination of parental rights. Appellant, Carolyn Jean Brown, is the natural mother of the children involved. She executed a "Mother's Affidavit of Relinquishment of Parental Rights to Licensed Child-Placing Agency" which included a waiver of citation as well as of appearance in a suit to be brought by Appellee for termination of her parental rights. She also executed an "Affidavit of Status" concerning the children in question.

On October 3, 1979, the same day in which Appellant executed the two affidavits above-mentioned, the Appellee filed in the 19th District Court of McLennan County, Texas, its "Original Petition in Suit Affecting the Parent-Child Relationship," said suit being styled: "In the Interest of Charles Tyrone Brown and Shanique Shanite Brown, Children." By this suit the Appellee sought, among other things, to terminate Carolyn Jean Brown's parental rights in and to the two children in question. Also joined as Respondents in the trial court were the alleged natural fathers of said two children. Although both asserted natural fathers were served with citation, neither answered and neither appeared for trial. Respondent-Appellant Carolyn Jean Brown did not answer to such suit or make any further appearance in the cause.

Trial was had to the court without a jury, after which the trial court signed a "Decree of Termination" wherein the parental rights of all three Respondents (that is to say, the natural mother and the two alleged natural fathers) were terminated, and Appellee McLennan County Children's Protective Services of the Texas Department of Human Resources was named managing conservator of the two children.

Thereafter, Carolyn Jean Brown filed this Petition for Writ of Error, asserting two points of error, to wit: (1) that she is entitled to review by writ of error, and (2) that it is apparent from the face of the record that she has been deprived of a statement of facts due to the error of the trial court in failing to have a record of the proceedings made. We overrule Appellant's points and contentions and affirm the trial court's judgment.

Neither of the alleged natural fathers involved in the trial have joined in this appeal. Carolyn Jean Brown is the sole Appellant.

As stated above, Appellant Carolyn Jean Brown on October 3, 1979, executed an "Affidavit of Relinquishment of Parental Rights to Licensed Child-Placing Agency" in the presence of two witnesses and a notary public, which affidavit was filed in the suit for termination of parental rights hereinabove mentioned. Said affidavit when stripped of its formal parts recites as follows:

"My name is Carolyn Jean Brown. My age is 18 years. My address is 1833 North 13th Street, Waco, Texas. I am the mother of the following children:

"Charles Tyrone Brown, a male child born on June 8, 1976 and Shanique Shanite Brown, a female child born on July 17, 1978.

"No person has been appointed or has qualified as guardian of the persons of or estates of the children.

"I am not presently obligated by court order to make payments for support of the children.

"A full description, including statement of value of all property owned or possessed by the children is as follows: None.

"The children are not the legitimate children of the fathers or of any other man, and I have executed an affidavit of status of the children.

"It is in the best interest of the children that the children be placed for adoption in a suitable home by an agency licensed by the Texas Department of Human Resources to place children for adoption. I therefore

designate McLennan County Children's Protective Services of the Texas Department of Human Resources as managing conservator of the children. I have been informed of my parental rights, privileges, powers, and duties. I freely, voluntarily, and permanently give and relinquish to the above-named agency all my parental rights, privileges, powers, and duties. I consent to the placement of the children for adoption by this agency.

"I fully understand that a lawsuit will be promptly filed in the 19th District Court of McLennan County, Texas to terminate forever the parent-child relationship between me and the above-named children. Termination of the parent-child relationship between me and my children so that they may be placed for adoption and adopted is in the best interest of the children. I understand that I make this termination possible by executing this affidavit. With that in mind, I hereby declare that this Affidavit of Relinquishment of Parental Rights is and shall be final, permanent, and irrevocable. I FULLY UNDERSTAND THAT, IF I CHANGE MY MIND AT ANY TIME, I CAN NEVER FORCE THE AGENCY TO DESTROY, REVOKE, OR RETURN THIS AFFIDAVIT AND THAT I CANNOT TAKE BACK OR UNDO THIS AFFIDAVIT IN ANY WAY.

"It is in the best interest of the above-named children that this be my last parental act and deed. Not wishing to appear or be cited in the termination suit, I hereby waive the right to issuance, service, and return of all process in any suit to terminate the parent-child relationship between me and the children. I agree to termination of the parent-child relationship between the children and me without further notice to me. I FULLY UNDERSTAND THAT I WILL NOT BE INFORMED FURTHER ABOUT THIS SUIT."

Section 15.02 of the Texas Family Code provides that a court may grant a petition requesting termination of the parent-child relationship if the parent has executed before or after the suit is filed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Section 15.03 of said Code. Section 15.03 provides that this affidavit may include a waiver of process in a suit to terminate the parent-child relationship brought under Section 15.-02(1)(K). That is what was done in the case at bar. Appellant Carolyn Jean Brown, the natural mother, executed an irrevocable affidavit relinquishing her parental rights as provided by Section 15.03 of the Texas Family Code, which affidavit included a waiver of process concerning the suit brought by Appellee to terminate her parental rights. Such suit was filed on the same day Appellant executed said affidavit. In this affidavit she clearly and unequivocally stated that she did not wish to "appear or be cited in the termination suit"; she clearly waived her right "to issuance, service, and return of all process in any suit to terminate the parent-child relationship between me and the children"; and she further said: "I agree to termination of the parent-child relationship between me and the children. I fully understand that I will not be informed further about this suit."

In her petition for writ of error, Appellant alleged no grounds for setting aside or revoking the affidavit except that apparently she had changed her mind. It seems to us that if we granted Appellant's request and thereby permitted a revocation of her affidavit and reversed the trial court's judgment, that we would be violating not only the letter and spirit of the Family Code, but also that of the clear recitations of her affidavit.

We are of the opinion and hold that Appellant, after she executed the irrevocable affidavit of relinquishment of her parental rights, coupled by her waiver of process contained therein, ceased to be an interested party in the suit to terminate the parent-child relationship. *In Re B. B. F., a minor child* (San Antonio Tex.Civ.App. 1980) 595 S.W.2d 873, no writ.

As stated hereinabove, Appellant has made no allegations of grounds for setting aside her affidavit such as fraud, misrepresentation, overreaching, mutual mistake, or other such grounds. In other words, the

only basis that we can see that she asserts for setting aside her affidavit and the trial court's judgment is that she has changed her mind. To sustain her contentions here would in our opinion be violative of the rule laid down by our Supreme Court in *Catholic Charities of the Diocese of Galveston, Inc. v. Harper* (1960) 161 Tex. 21, 337 S.W.2d 111, wherein the Court said:

"It cannot be too strongly emphasized that the Legislature in enacting the adoption procedure and in all of the changes and amendments made thereto have had uppermost in mind the safety, education, care, and protection of the children to be affected thereby and not primarily the contentment or welfare of either the natural or the adoptive parents."

\*   \*   \*   \*   \*   \*

"We hold that where the parents have surrendered their child to the custody of an agency licensed by the State Department of Public Welfare to place children for adoption and have given their written consent that such agency may place the child for adoption, that consent is subject to revocation only by proof of fraud, misrepresentation, overreaching and the like."

In the case at bar, the nearest thing to allegations of grounds to set aside Appellant's affidavit or the trial court's judgment is as follows:

"That in said judgment, and in the records and proceedings of said Court in such case, adverse and manifold errors have intervened and occurred as is manifest in said record and in the proceedings; _ _ _ _ _" for which Appellant prays "That your Petitioner desires to remove such judgment for revision and correction to the Court of Civil Appeals _ _ _ _ _ _."

Applying the rule laid down by our Supreme Court in *Catholic Charities*, hereinabove quoted, to the case at bar, we do not believe that the writ of error procedure may be utilized to secure relief by a natural mother who has by affidavit relinquished her parental rights and waived process in a pertinent termination suit, and by alleging no proper grounds for revocation of her affidavit and waiver, to attempt to use the writ of error procedure as merely a fishing expedition to search for possible error in the trial court's judgment. To sustain her contentions here would in our opinion be a misuse of the writ of error procedure. We agree with the holding of the San Antonio Court of Civil Appeals in *In Re B. B. F., a minor child* (San Antonio Tex.Civ.App. 1980) 595 S.W.2d 873, no writ, and hold that under the record before us, Carolyn Jean Brown ceased to be an interested party in the suit to terminate the parent-child relationship after she executed the irrevocable affidavit of relinquishment of parental rights in question. It necessarily follows from the above reasoning that since she is not an interested party that she is not entitled to a statement of facts. In our opinion Appellant is not entitled to review of the trial court's judgment through means of writ of error, based upon the record before us.

We accordingly overrule Appellant's points and contentions, and affirm the trial court's judgment.

AFFIRMED.