Carolyn Jean BROWN, Petitioner,

v.

McLENNAN COUNTY CHILDREN'S PROTECTIVE SERVICES, et al., Respondent.

No. C–538.

Supreme Court of Texas.

Jan. 27, 1982.

Rehearing Denied March 3, 1982.

John C. Cowley, Waco, Joseph M. Layman, Robinson, for petitioner.

Felipe Reyna, Criminal Dist. Atty., Frank Fitzpatrick, Jr. and Lynnan L. Kendrick, Asst. Dist. Attys., Waco, for respondent.

WALLACE, Justice.

This is an appeal from a Decree of Termination terminating the parental rights of Carolyn Jean Brown (Brown) in and to her two children, Charles Tyrone Brown and Shanique Shanite Brown. The trial court terminated Brown's rights pursuant to the petition of McLennan County Children's Services of the Texas Department of Human Resources (Children's Services). The petition was based on Brown's executed "Mother's Affidavit of Relinquishment of Parental Rights to Licensed Child—Placing Agency" which included a waiver of citation in the suit to be brought terminating her parental rights. The court of civil appeals overruled Brown's petition for review by writ of error and affirmed the trial court. 616 S.W.2d 699. We affirm.

Brown executed the affidavit on October 3, 1979. Hours later, Children's Services filed in the 19th District Court of McLennan County, Texas, its "Original Petition in Suit Affecting the Parent-Child Relationship." Children's Services sought to terminate Brown's parental rights as well as the rights of the alleged natural fathers of the two children. Both alleged natural fathers were served with citation and neither answered or appeared for trial. Brown did not answer or make an appearance within the cause.

Children's Services was appointed Temporary Managing Conservator on October 3, 1979. On January 22, 1980, a Decree of Termination was entered terminating Brown's parental rights in the children and naming Children's Services managing conservator.

Brown filed her petition for review by writ of error on May 14, 1980. The court of civil appeals denied the writ of error holding that after Brown executed the irrevocable affidavit of relinquishment of her parental rights, coupled by her waiver of proc-

ess, she ceased to be an interested party in the suit to terminate the parent-child relationship. Citing, *In re B.B.F., a Minor Child*, 595 S.W.2d 873 (Tex.Civ.App.—San Antonio 1980, no writ).

## DENIAL OF WRIT OF ERROR

The question first confronted is not whether Brown can obtain review by writ of error, but whether, assuming such review, there were any grounds before the court of civil appeals warranting reversal of the trial court's judgment.

■ The four elements necessary for a review by writ of error are: (1) it must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record.

In the presence of two witnesses and a notary public, Brown executed an "Affidavit of Relinquishment of Parental Rights to Licensed Child Placing Agency." This affidavit was then filed within the suit for termination of parental rights, the subject of this cause. The affidavit provides in part:

It is in the best interest of the children that the children be placed for adoption in a suitable home by an agency licensed by the Texas Department of Human Resources to place the children for adoption. I therefore designate McLennan County Children's Protective Services of the Texas Department of Human Resources as managing conservator of the children. I have been informed of my parental rights, privileges, powers, and duties. I freely, voluntarily, and permanently give and relinquish to the above-named agency all my parental rights, privileges, powers, and duties. I consent to the placement of the children for adoption by this agency.

I fully understand that a lawsuit will be promptly filed in the 19th District Court of McLennan County, Texas, to terminate forever the parent-child relationship between me and the above-named children. . . . With that in mind,

I hereby declare that this Affidavit of Relinquishment of Parental Rights is and shall be final, permanent, and irrevocable. I FULLY UNDERSTAND THAT, IF I CHANGE MY MIND AT ANY TIME, I CAN NEVER FORCE THE AGENCY TO DESTROY, REVOKE, OR RETURN THIS AFFIDAVIT AND THAT I CANNOT TAKE BACK OR UNDO THIS AFFIDAVIT IN ANY WAY. . . . Not wishing to appear or be cited in the termination suit, I hereby waive the right to issuance, service, and return of all process in any suit to terminate the parent-child relationship between me and the children. I agree to termination of the parent-child relationship between the children and me without further notice to me. I FULLY UNDERSTAND THAT I WILL NOT BE INFORMED FURTHER ABOUT THIS SUIT.

■ Contrary to the court of civil appeals opinion, Brown was still a party in interest after she executed the affidavit in question. Section 15.02 of the Texas Family Code allows the court to grant a petition terminating the parent-child relationship when the parent is not the petitioner if the court finds that: "(1) the parent has: . . . (K) executed before or after the suit is filed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Section 15.03 of this code; and in addition, the court further finds that (2) termination is in the best interest of the child." Tex. Fam.Code Ann. § 15.02, (Vernon Supp. 1980–81). Therefore, Brown was a party in interest until the Decree of Termination was entered.

The writ of error was filed within six months of the date of judgment and it is undisputed that Brown did not participate in the trial.

The remaining question is whether there was error on the face of the record. Brown contends the following constitutes such error:

1. No citation was issued and any pre-suit waiver of citation is ineffective and constitutes a violation of her due process.

2. No record or statement of fact was prepared by the trial court as required by Tex.Fam.Code Ann. § 11.14(d) (Vernon's 1975);

3. She was denied due process by lack of notification of her right to counsel and lack of representation by counsel at the time of execution of the affidavit and the following trial.

### WAIVER OF CITATION

Brown asserts Art. 2224, Tex.Rev.Civ. Stat.Ann. (Vernon 1971) and Tex.R.Civ.Pro. 119 prohibits effective waiver of citation executed prior to suit.

■ Children's Services contends that Brown waived the right to issuance, service, and return of all process in the suit for termination of the parent-child relationship. By her affidavit, she agreed that (1) the termination would all be done without further notice to her, (2) her affidavit made this termination possible, and (3) a lawsuit would be promptly filed to terminate her parental rights forever. Brown's assertion would be correct but for the sole exception created by the Legislature that specifically applies in this instance. Tex.Fam.Code Ann. 11.09(a)(7) (Vernon Supp. 1980–1981) provides in part:

(a) ... The following persons are entitled to service of citation on the filing of a petition in a suit affecting the parent-child relationship:

(7) Each parent as to whom the parent-child relationship has not been terminated or process has not been waived under § 15.03(c)(2) of this Code; . . . .

Looking to § 15.03(c)(2), it provides for waiver of citation within the affidavit of relinquishment if the suit for termination of relationship is brought under § 15.-02(1)(K). Section 15.02(1)(K) is the provision creating the right to termination when the parent has executed an affidavit of relinquishment either before or after the suit is filed. Tex.Fam.Code Ann. § 15.02, § 15.03 (Vernon Supp. 1980–81).

These provisions have been upheld as a permissible exception to the prohibition against pre-suit waiver. *Rogers v. Searle*, 533 S.W.2d 433 (Tex.Civ.App.—Corpus Christi) *rev'd on other grounds*, 544 S.W.2d 114 (Tex.1976) and *Myers v. Patton*, 543 S.W.2d 22 (Tex.Civ.App.—Texarkana 1976, no writ).

Brown also asserts these sections of the Family Code are unconstitutional; she claims her due process rights have been steamrolled by this pre-suit waiver. To the contrary, this general prohibition in Texas jurisprudence against pre-suit waiver, is not a mandate of either the Texas Constitution or the Constitution of the United States. The constitutionality of this type provision was approved by the U. S. Supreme Court in *National Equipment Rental Ltd. v. Szukhent*, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964), which held that a party may agree in advance to submit to a jurisdiction of a given court, to permit service by the opposing party, or even waive service altogether. The criteria for constitutionality set out by the U. S. Supreme Court is: the party voluntarily, intelligently, and knowingly waived their rights to notice and hearing with full awareness of the legal consequences. *D. H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972).

■ In this cause, Brown voluntarily executed the affidavit in question in the presence of two witnesses, before a notary. The affidavit clearly sets out she is relinquishing all parental rights, that suit will be filed to terminate her rights, that she will not be further informed about the suit, and that this act is irrevocable. Certainly this Court recognizes the parent-child relationship as a basic civil right due a high degree of protection. *In the Interest of G.M.*, 596 S.W.2d 846 (Tex.1980). However, when a parent voluntarily terminates this parent-child bond, the best interests of the child become paramount. Once that child has been surrendered to a licensed agency for adoption, the safety, education, care and protection of the child, not the contentment or welfare of the parent, is of utmost importance. *Catholic Charities of the Diocese of Galveston, Inc. v. Harper*, 161 Tex. 21,

337 S.W.2d 111 (1960). Children voluntarily given up in compliance with the Family Code, as was done in this case, cannot be snapped back at the whim of the parent. By these provisions in the Family Code the Legislature was seeking some small amount of security and stability for children placed in this position.

## FAILURE TO MAKE RECORD

A record is required by Section 11.14(d) of the Family Code unless it is waived by all parties with the consent of the court. Brown claims that without a statement of facts the record is incomplete and therefore she was deprived of her right to appeal.

The Legislature expressly provided that an affidavit to an adoption agency authorized by the State Department of Public Welfare can be made irrevocable. Tex.Fam. Code Ann. § 15.03(d) (Vernon 1975). The Legislature gave these agencies the same protected status they had under *Catholic Charities of the Diocese of Galveston, Inc. v. Harper, supra,* which held that once a parent had surrendered custody of the children and given written consent that such agency place the children for adoption, that consent is subject to revocation only by proof of fraud, misrepresentation, overreaching or the like.

Under these facts, we find it was the intent of the Legislature to make such an affidavit of relinquishment sufficient evidence on which the trial court can make a finding that termination is in the best interest of the children. The affidavit and the agency's petition is the record which supports the trial court's judgment. Where the record supports the judgment in the absence of a statement of facts, it is incumbent on the party alleging error to show that a statement of facts was necessary. In the absence of such a showing there is no error.

To show the necessity of a statement of facts, it was Brown's burden to show that the irrevocable affidavit was obtained by fraud, misrepresentation or overreaching. Brown has never made any such allegation or asserted any other wrongful act. Her sole reason to set aside the Decree of Termination was because she simply changed her mind. Therefore, there was no error in failing to prepare a statement of facts.

## RIGHT TO COUNSEL

Brown also contends she was denied due process because she was in effect not notified of her right to an attorney and that no attorney was provided her when she executed the affidavit, nor at the time of trial. Brown cites *Davis v. Page,* 640 F.2d 599 (5th Cir. 1981). *Davis* involved a completely involuntarily formal hearing on dependency. The Florida Department of Health and Rehabilitated Services was trying to take custody of Davis' son without her consent. The Fifth Circuit held that this formal adjudication of dependency would deprive Davis of parental custody for a prolonged or indefinite period. Therefore due process required that the indigent parent be offered and provided counsel unless a knowing and intelligent waiver was made. 640 F.2d at 604.

The cause before this Court is not one where the State is actively interfering with the integrity of the family. Brown voluntarily gave consent to the termination of her parental rights by executing an affidavit of relinquishment. This termination is not comparable to the forced taking of parental rights by the State. The affidavit before this Court is clear and unambiguous. There is no allegation that Brown misunderstood the terms or effects of her execution. There is also no allegation of how an attorney would have been of assistance under these facts. Beyond that, Brown's asserted right to an attorney has never before been recognized and we hold there is no such right under these circumstances.

The judgments of the courts below are affirmed.

Dissenting Opinion POPE, J., in which BARROW and CAMPBELL, JJ., join.

POPE, Justice, dissenting.

I respectfully dissent. In my opinion, Carolyn Jean Brown, the mother of the two children could not lawfully waive service of process in a termination suit before the suit for termination was filed. Rule 119, Tex.R. Civ.Pro., authorizes the acceptance or waiver of issuance and service of process, but not until "after suit is brought." Article 2224 prohibits pre-suit waivers of process. It states:

No acceptance of service and waiver of process, nor entry of appearance in open court, nor a confession of judgment shall be authorized in any case by the contract or writing sued on, or any other instrument executed prior to the institution of such suit, nor shall such acceptance or waiver be made until after suit brought.

Section 15.02(1)(K) of the Family Code provides that a parent may execute an affidavit of relinquishment before suit, but this court has not previously passed upon the validity of the provision. I would strike down the provision as a violation of basic due process.

In support of the holding that the mother could waive service of process in advance of the institution of court proceedings, the majority cites *National Equipment Rental Ltd. v. Szukhent*, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964). In that case suit was filed and service was obtained upon the defendant's designated agent for service in New York. The question presented was whether under Rule 4(d)(1) of the Federal Rules of Civil Procedure, the defendant could authorize service of process on an agent in New York whom he appointed to receive process. The standing of an agent for service is not the same question as ours, whether a defendant is entitled to process served upon him or his agent after the institution of suit.

The rights of the mother and her two children when faced with a termination case have been held to be those of constitutional dimensions. *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex.1976); *Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *Prince v. Massachusetts*, 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645 (1944); *Pierce v. Society of Sisters*, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925); *Meyer v. Nebraska*, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923).

Courts have protected important interests by insisting that "whatever its form, opportunity that hearing must be provided before the deprivation at issue takes effect." Even a right to change a judgment later has not been enough to satisfy the due process rule, because the subsequent suit was held to shift the burden of proof. *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1964). *Manzo* held that the pendency of a suit and the right to be present are the things concerning which one is entitled to notice. The United States Supreme Court wrote in *Armstrong v. Manzo*:

It is clear that failure to give the petitioner notice of the pending adoption proceedings violated the most rudimentary demands of due process law. "Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, at 313 [70 S.Ct. 652, at 656, 94 L.Ed. 865]. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Milliken v. Meyer*, 311 U.S. 457 [61 S.Ct. 339, 85 L.Ed. 278]; *Grannis v. Ordean*, 234 U.S. 385 [34 S.Ct. 779, 58 L.Ed. 1363]; *Priest v. Las Vegas*, 232 U.S. 604 [34 S.Ct. 443, 58 L.Ed. 751]; *Roller v. Holly*, 176 U.S. 398 [20 S.Ct. 410, 44 L.Ed. 520] . . . ." *Id.* [339 U.S.], at 314 [70 S.Ct., at 657].

Mrs. Fuentes, a resident of Florida, complained that Firestone Tire and Rubber Company picked up her stereophonic phonograph on which there was about $200.00 still owing. She attacked the Florida statutes which permitted prejudgment replevin without notice that a prior suit had been filed. *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Mrs. Fuentes' stereo was surrounded with more due process consideration than the mother and her two children in this case. The Supreme Court wrote:

> For more than a century the central meaning of procedural due process has been clear: "Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified." *Baldwin v. Hale*, 1 Wall. 223, 233 [17 L.Ed. 531]. See *Windsor v. McVeigh*, 93 U.S. 274 [23 L.Ed. 914]; *Hovey v. Elliott*, 167 U.S. 409 [17 S.Ct. 841, 42 L.Ed. 215]; *Grannis v. Ordean*, 234 U.S. 385 [34 S.Ct. 779, 58 L.Ed. 1363]. It is equally fundamental that the right to notice and an opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62.

> \*   \*   \*   \*   \*   \*

This is no new principle of constitutional law. The right to a prior hearing has long been recognized by this Court under the Fourteenth and Fifth Amendments. Although the Court has held that due process tolerates variances in the *form* of a hearing "appropriate to the nature of the case," *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 313 [70 S.Ct. 652, 656, 94 L.Ed. 865], and "depending upon the importance of the interests involved and the nature of the subsequent proceedings [if any]," *Boddie v. Connecticut*, 401 U.S. 371, 378 [91 S.Ct. 780, 786, 28 L.Ed.2d 113], the Court has traditionally insisted that, whatever its form, opportunity for that hearing must be provided before the deprivation at issue takes effect. *E.g., Bell v. Burson*, 402 U.S. 535, 542 [91 S.Ct.

1586, 1591, 29 L.Ed.2d 90]; *Wisconsin v. Constantineau*, 400 U.S. 433, 437 [91 S.Ct. 507, 510, 27 L.Ed.2d 515]; *Goldberg v. Kelly*, 397 U.S. 254 [90 S.Ct. 1011, 25 L.Ed.2d 287]; *Armstrong v. Manzo*, 380 U.S. [545], at 551 [85 S.Ct. 1187, at 1191, 14 L.Ed.2d 62]; *Mullane v. Central Hanover Tr. Co., supra*, at 313 [70 S.Ct. at 656]; *Opp Cotton Mills v. Administrator*, 312 U.S. 126, 152–153 [61 S.Ct. 524, 535–536, 85 L.Ed. 624]; *United States v. Illinois Central R. Co.*, 291 U.S. 457, 463 [54 S.Ct. 471, 473, 78 L.Ed. 909]; *Londoner v. City & County of Denver*, 210 U.S. 373, 385–386 [28 S.Ct. 708, 713–714, 52 L.Ed. 1103].

A few states by statute have permitted the ancient legal device called cognovit by which one agrees in advance and without notice that a creditor may take judgment. *Overmyer v. Frick Co.*, 405 U.S. 174, 178, 92 S.Ct. 775, 778, 31 L.Ed.2d 124 (1971), without approving the statute, held that decisions in these kinds of cases require a special examination of the facts "in nearly every case." The facts in the case were that Overmyer, a debtor, over a period of two years was beset with repeated problems. Frick Co., a contractor who was installing a refrigeration system for Overmyer, renegotiated the contract several times, granting Overmyer more time on different and favorable terms after Overmyer had defaulted. Finally Overmyer gave a new note which waived issuance and service of process upon further default. The court recognized that Overmyer's situation was one that was of his own making. It also wrote, "This is not a case of unequal bargaining power or overreaching," and said that its holding was not that a cognovit clause is per se violative of the Fourteenth Amendment due process, but that such a provision may "well serve a proper and useful purpose in the commercial world." The court then expressly held that the holding is not controlling precedent for other facts of other cases. It particularly mentioned its lack of controlling precedent "where there is a great disparity of bargaining power." One of the strong factors in the result that the Supreme Court mentioned was the Ohio practice which permits

one to vacate an Ohio judgment upon showing of a valid defense. Overmyer had actually availed himself of a post-judgment hearing.

Carolyn Jean Brown, the eighteen-year-old mother is before this court in a direct appeal by writ of error, a form of an appeal that requires errors to appear on the face of the record. The statement of facts is a significant part of the record, but Carolyn Brown has never been able to obtain one, because none was made. That alone is sufficient grounds to reverse this cause. *Rogers v. Rogers*, 561 S.W.2d 172 (Tex.1978); *Smith v. Smith*, 544 S.W.2d 121 (Tex.1976); *Robinson v. Robinson*, 487 S.W.2d 713 (Tex. 1972); *Victory v. Hamilton*, 127 Tex. 203, 91 S.W.2d 697, 700 (1936). Section 11.14(d) of the Family Code mandates: "A record shall be made in civil cases generally unless waived by the parties with the consent of the court."

The irrevocable forfeiture of the natural parental right is one of constitutional dimension, which in this case was accomplished by a waiver that was executed before the suit for termination was filed. The holding goes beyond any precedent in Texas or elsewhere to which my attention has been called. If we were dealing with commercial rights, we would strike down as void a judgment that was rendered upon a pre-suit waiver. *McAnelly v. Ward Bros.*, 72 Tex. 342, 343, 12 S.W. 206, 207 (1888). If we were dealing with a divorce suit, we would do the same. *Deen v. Kirk*, 508 S.W.2d 70, 71 (Tex.1974); *Faglie v. Williams*, 569 S.W.2d 557, 563 (Tex.Civ.App.— Austin 1978, writ ref'd n. r. e.). Only in the instance of the parent-child relationship do we permit a judgment that in all other cases we would strike down as void.

The skimpy record before this court shows nothing that would indicate anything other than a sincere purpose by the McLennan County Children's Protective Services to assist the children and the mother. The practice today approved by the majority, however, in the hands of less professional persons, could be one by which the offer of aid to an eighteen-year-old indigent mother

is the quid pro quo for her irrevocable waiver. When we deal with a vehicle that is so capable of abuse, the correct rule should be that the mother and child can avail themselves of the protection of the court in which a suit is already filed. Carolyn Jean Brown has been denied the due process right to process after suit was filed, a statement of facts, and an effective appeal on the record.

I would reverse the judgments of the courts below but make the rule of this case prospective only as to other causes.

BARROW and CAMPBELL, JJ., join in this dissenting opinion.