NO.
12-05-00280-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

§                      APPEAL
FROM THE THIRD

IN THE INTEREST

§                      JUDICIAL
DISTRICT COURT OF

OF P. M. S., A CHILD

§                      HENDERSON
COUNTY, TEXAS

                                                                                                                                                             


MEMORANDUM OPINION

            Appellant
Melvin Wayne Sellers appeals the trial court’s order granting Appellee Shannon
Joyce Keating’s motion for summary judgment. 
In two issues, Melvin contends that the trial court erred in granting
the motion because there were genuine issues of material fact regarding his
standing to bring suit and because Shannon failed to plead affirmative defenses
in her answer.  We affirm.

 

Background

            Melvin
is the biological father of P.M.S., born June 23, 1997.  Shannon is P.M.S.’s biological mother.  Melvin and Shannon were never married.  On February 20, 2004, the trial court
declared that Melvin was P.M.S.’s father, but found, by clear and convincing
evidence, that Melvin voluntarily executed an affidavit  of relinquishment of his parental rights and
that termination of the parent-child relationship between Melvin and P.M.S. was
in the best interest of the child.  The
trial court ordered that the parent-child relationship between Melvin and
P.M.S. be terminated.  In the same order,
the trial court appointed Shannon as managing conservator of P.M.S.  On June 21, 2005, Melvin filed an original
petition in a suit affecting the parent-child relationship, stating that he was
P.M.S.’s “parent” pursuant to Section 102.003 of the Texas Family Code.  Further, Melvin stated that he had actual
care, control, and possession of the child for at least six months ending not
more than ninety days preceding the date of the filing of the petition pursuant
to Section 102.003(a)(9) of the Texas Family Code.  In the petition, Melvin asked that he be
appointed sole managing conservator of P.M.S. with the exclusive right to
designate the primary residence of the child. 
Shannon filed a general denial.

            On
July 18, 2005, Shannon filed a motion for summary judgment contending that Melvin’s
parental rights were terminated, that he has not subsequently adopted P.M.S.,
and that he has not been named joint, 
managing, or possessory conservator of the child.  Shannon alleged that Melvin did not have the
legal capacity to file suit because he did not qualify as a person who had
standing pursuant to Section 102.003 of the Texas Family Code.  Because Melvin did not have standing to file
suit, Shannon stated that there were no genuine issues of material fact.  Melvin responded that Shannon did not plead
standing as an affirmative defense in her answer.  He also specially excepted and objected to
the trial court’s consideration of any of Shannon’s responsive or affirmative
pleadings.  Further, Melvin contended
that his affidavit and exhibits attached to his response constituted proof of
his standing to file suit pursuant to Section 102.003 of the Texas Family Code
and were sufficient to create an issue of material fact. 

            On
August 22, 2005, the trial court granted Shannon’s motion for summary judgment,
stating in its order that there was no genuine issue of material fact regarding
standing and that Shannon was entitled to summary judgment as a matter of law
because Melvin lacked standing to file suit. 
This appeal followed.

 

Failure to
Plead Standing

            In
his second issue, Melvin contends that the trial court erred in granting
Shannon’s motion for summary judgment because she did not plead affirmative
defenses in her answer.  He argues that
affirmative defenses raised in a motion for summary judgment must be
affirmatively pleaded and, if not, the pleadings cannot support a summary
judgment based on the unpleaded affirmative defenses.  Shannon contends that lack of standing may be
raised at any time, including on appeal. We agree. 

            Subject
matter jurisdiction is an issue that may be raised for the first time on appeal
by the parties or the court.  Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445-46 (Tex.
1993). As a component of subject matter jurisdiction, standing cannot be waived
in any case.  Id.  In Shannon’s motion for summary judgment, she
alleged that, as a matter of law, Melvin did not have standing to file
suit.  Because the issue of standing
cannot be waived and may be raised for the first time on appeal, the trial
court did not err in considering Shannon’s motion for summary judgment based on
Melvin’s lack of standing to file suit. 
Accordingly, Melvin’s second issue is overruled.

 

Summary
Judgment

            In
his first issue, Melvin argues that the trial court erred in granting summary
judgment on the issue of standing because there were fact issues that precluded
summary judgment.

Standard of Review

            We
review the trial court’s summary judgment de novo.  Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).  The
standards for reviewing a motion for summary judgment are that (1) the movant
has the burden of showing that there is no genuine issue of material fact and
that it is entitled to judgment as a matter of law; (2) in deciding whether
there is a disputed material fact issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true; and (3) every reasonable
inference must be indulged in favor of the nonmovant and any doubts resolved in
its favor.  Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985).  If a motion involves the credibility of
affiants or deponents, or the weight of the showings, or a mere ground of
inference, the motion should not be granted. 
Gulbenkian v. Penn, 252 S.W.2d 929, 932 (Tex. 1952). 

Standing

            A
plaintiff must have standing to bring a lawsuit.  Austin Nursing Ctr., Inc. v. Lovato,
171 S.W.3d 845, 848 (Tex. 2005). 
Standing is a prerequisite to subject matter jurisdiction, and subject
matter jurisdiction is essential to a court’s power to decide a case.   M.D. Anderson Cancer Ctr. v. Novak,
52 S.W.3d 704, 708 (Tex. 2001).  The
general test for standing in Texas requires that there “(a) shall be a real
controversy between the parties, which (b) will be actually determined by the
judicial declaration sought.”  Tex.
Ass’n of Bus., 852 S.W.2d at 446 (quoting Bd. of Water Eng’rs v.
City of San Antonio, 283 S.W.2d 722, 724 (1955)).  The issue of standing focuses on whether a
party has a sufficient relationship with the lawsuit so as to have a “justiciable
interest” in its outcome.  Austin
Nursing Ctr., Inc., 171 S.W.3d at 848. 
Further, it focuses on the question of who may bring an action.  M.D. Anderson Cancer Ctr., 52
S.W.3d at 708.  According to the Texas
Family Code, an original suit affecting the parent-child relationship may be
filed at any time by a parent of the child or a person, other than a foster
parent, who has had actual care, control, and possession of the child for at
least six months ending not more than ninety days preceding the date of the
filing of the petition.  Tex. Fam. Code Ann. § 102.003(a)(1),
(9) (Vernon Supp. 2005).  

            A
court may order termination of the parent-child relationship if the court finds
by clear and convincing evidence that the parent has executed, before or after
the suit is filed, an unrevoked or irrevocable affidavit of relinquishment of
parental rights and that termination is in the best interest of the child.  Tex.
Fam. Code Ann. § 161.001(1)(K), (2) (Vernon 2002).  An order terminating the parent-child
relationship divests the parent and the child of all legal rights and duties
with respect to each other, except that the child retains the right to inherit
from and through the parent unless the court otherwise provides.  Tex.
Fam. Code Ann. § 161.206(b) (Vernon Supp. 2005).  A direct or collateral attack on an order
terminating parental rights based on an unrevoked affidavit of relinquishment
of parental rights is limited to issues relating to fraud, duress, or coercion
in the execution of the affidavit.  Tex. Fam. Code Ann. § 161.211(c)
(Vernon 2002).  Even if a trial court
provides limited posttermination contact with the child in an order terminating
the parent-child relationship, that posttermination order does not grant
standing to a parent whose parental rights have been terminated to file any
action under Title 5 other than a motion to enforce the terms regarding limited
posttermination contact until the court renders a subsequent adoption order
with respect to the child.[1] 
Tex. Fam. Code Ann. §
161.2061(f)(2) (Vernon Supp. 2005).

Analysis

            In
his original petition, Melvin stated, as a basis for filing suit, that he is
P.M.S.’s parent.  It is undisputed,
however, that Melvin’s parental rights were terminated by court order.  According to the Texas Family Code, a “parent”
does not include a parent as to whom the parent-child relationship has been
terminated.  Tex. Fam. Code Ann. § 101.024 (Vernon 2002).  Because his parental rights were terminated,
Melvin is not P.M.S.’s parent and has no standing to file suit based on such
claim.

            Melvin
also stated, as a basis of his standing to file suit, that he has had actual
care, control, and possession of P.M.S. for at least six months ending not more
than ninety days preceding the date of filing his original petition pursuant to
Section 102.003(a)(9) of the Texas Family Code. 
Melvin’s affidavit attached to his response to Shannon’s motion for
summary judgment also supports his petition. 
However, a termination decree is not subject to modification and binds
the parent and trial court unless and until it is set aside in a successful
direct or collateral attack.  See In
re Lambert, 993 S.W.2d 123, 132 (Tex. App.–San Antonio 1999, no
pet.).  In this suit, Melvin has not
attempted to set aside the termination order by either a direct or collateral
attack and, thus, is bound by the termination order.

            Additionally,
Melvin has no legal rights with respect to P.M.S. because his parental rights
were terminated and this termination divested him of “all legal rights and
duties.”  See Tex. Fam. Code Ann. § 161.206(b).  Moreover, former parents do not have standing
to invoke a court’s continuing jurisdiction over managing conservatorship
issues or have a right to visitation.  In
re Lambert, 993 S.W.2d at 132. 
Public policy demands that “when a parent voluntarily terminates the
parent-child bond, the best interest of the child becomes paramount.”  In re Hughes, 770 S.W.2d 635,
637 (Tex. App.–Houston [1st Dist.] 1989, no writ) (quoting Brown v.
McLennan County, 627 S.W.2d 390, 393 (Tex. 1982)).  “Children voluntarily given up in compliance
with the Family Code . . . cannot be snapped back at the whim of the parent.”  Id. (quoting Brown,
627 S.W.2d at 393).  Finality in
termination orders is important for the security of children and, thus, has a
rational basis.  Id. at
638. 

            Because
Melvin’s parental rights to P.M.S. were terminated, he has no justiciable
interest in this suit and, therefore, no standing to invoke the trial court’s
jurisdiction to determine conservatorship issues.  Accordingly, Melvin’s first issue is
overruled.

 

Disposition

            The
judgment of the trial court is affirmed.

 

                                                                                                    DIANE DEVASTO   

                                                                                                                 Justice

Opinion
delivered May 26, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

(PUBLISH)











[1]
Title 5 of the Family Code governs suits affecting the parent-child
relationship.