IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00320-CR

 

Taresa Ann Richardson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the County Criminal Court No.
9

Tarrant County, Texas

Trial Court No. 1004350

 



MEMORANDUM  Opinion



 








            Taresa Ann Richardson, Shannon Cato
and Emily Pullin, were riding in Richardson’s Ford Escort when they rear-ended
a Dodge pick-up.  Richardson was arrested and subsequently charged with driving
while intoxicated.  Following a bench trial, Richardson was convicted,
sentenced to one hundred twenty days probated for a period of two years, and
ordered to pay a fine of $550 and restitution in the amount of $1,387.97.  In
one issue, Richardson challenges the factual sufficiency of the evidence to
support her conviction for driving while intoxicated.  We affirm.

STANDARD OF REVIEW

Under factual sufficiency review, we ask whether a
neutral review of all the evidence demonstrates that the proof of guilt is so
weak or that  conflicting evidence is so strong as to render the jury’s
verdict clearly wrong and manifestly unjust.  Watson v. State, 204 S.W.3d 404, 414-15 (Tex.
Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).  We review the evidence weighed by the jury that tends
to prove the existence of the elemental fact in dispute and compare it with the
evidence that tends to disprove that fact.  Johnson, 23 S.W.3d at 7.  We
do not indulge in inferences or confine our view to evidence favoring one side.
 Rather, we look at all the evidence on both sides and then make a
predominantly intuitive judgment.  Id.

analysis

The offense of driving while intoxicated is
committed when (1) a person (2) is intoxicated (3) while operating a motor
vehicle (4) in a public place.  Tex.
Pen. Code Ann. §
49.04(a) (Vernon 2003).  Richardson challenges the factual sufficiency
of the evidence to support the third element of this offense.

Eugene Johnson, the pick-up’s driver, identified Richardson as the driver of the Escort.  Johnson initially testified that he saw Richardson place the Escort in park, but later admitted that he did not actually see this
happen.  Although Johnson did not see Richardson driving, he did see her exit
the vehicle via the driver side door.  When Johnson exited his vehicle, Richardson was the only individual standing outside the Escort.  According to Johnson, one
of the Escort’s passengers, presumably Cato, exited the vehicle after Richardson became aggressive with the passenger from Johnson’s pick-up.[1] 
In contrast, Richardson, Cato, and Pullin testified that Cato exited the
vehicle first because she, not Richardson, was driving when the accident occurred
and that Richardson was in the back seat.  Richardson admitted that she too
exited the vehicle via the driver side door, but testified that the Escort is a
two-door vehicle and the driver must exit before the back seat passenger may
exit.  Richardson denied driving the Escort and accused Johnson of lying.

However, Johnson testified that Richardson told
him she had been driving the Escort and that no one else claimed to have been
driving.  Although Richardson denied telling Johnson that she had been driving
the Escort, she, Cato, and Pullin confirmed that, for insurance purposes, a
decision was made to say that Richardson had been driving.  Cato testified that
she may have told the passengers in the pick-up that Richardson was driving,
but denied giving this information to the police.  Instead, Cato claimed that
she told an officer that she was driving, but the officer threatened that Cato
would be arrested or jailed for lying.

Officer Jonathan Mohr, who responded to the scene
of the accident, testified that two other officers informed him that Richardson had been driving the Escort.  Although he had not seen Richardson operating the
vehicle, Mohr had no doubt that Richardson was driving when the accident
occurred.  When Richardson discovered that she was being arrested for DWI, she denied
driving the Escort at the time of the accident and believed that Cato and
Pullin told the police that Richardson was driving.  Mohr testified that Richardson made several such denials at both the scene and a later interview.

After being released from jail, Richardson spoke
with Cato who denied telling the police that Richardson was driving.  Richardson
and Cato subsequently went to the police department where Cato provided a
written statement to Debbie Langjahr, an investigator with the Arlington Police
Department.  Cato stated that she was driving on the night of the accident, she
told a police officer that she was driving that night, the officer accused her
of lying, the officer instructed her to move the car to a parking lot and later
allowed her to drive it home, and Richardson should not have been charged with DWI
because Cato was driving when the accident occurred.  Cato also testified at Richardson’s administrative license revocation hearing.

Pullin testified that had she known Richardson was being arrested for DWI, she would have “said something.”  When asked about
the perception that she and Cato were trying to get Richardson “out of a mess,”
Pullin responded that she did not see Cato “sticking her neck out on the line
unless it belongs there.”  Cato testified that she would not have ridden in the
Escort had Richardson been driving and “there’s no sense anybody getting in
trouble, you know, if they didn’t do anything.”

The record contains conflicting evidence regarding
whether Richardson was operating the Escort when the accident occurred.  Richardson attacks the testimony of the State’s two witnesses, contending that Mohr’s
conclusion that Richardson was the driver is founded on the hearsay statements
of other officers and that Johnson’s testimony constitutes “conclusory
statements placing Appellant behind the wheel.”  She points to Johnson’s (1)
failure to provide a physical description of Richardson; (2) inability to
recall whether the Escort was a two-door vehicle; (3) admission that the driver
of a two-door vehicle would have to exit first; and (4) conflicting testimony
as to whether he actually saw Richardson place the Escort in park.

We first note that Richardson did not object to
Mohr’s testimony.  See Tex. R.
Evid. 802 (“hearsay admitted without objection shall not be denied
probative value merely because it is hearsay”).  “[O]nce the trier of fact has
weighed the probative value of unobjected-to hearsay evidence in its
factfinding process, an appellate court cannot deny that evidence probative
value or ignore it in its review of the sufficiency of the evidence.”  Poindexter v. State, 153 S.W.3d 402, 406 (Tex. Crim.
App. 2005).  Moreover, in a bench trial, the trial court is the
“exclusive judge of the credibility of the witnesses and the weight to be given
to their testimony.”  Joseph v. State, 897
S.W.2d 374, 376 (Tex. 1995).  Thus, the trial court was in the best position
to resolve any conflicts or inconsistencies in Johnson’s testimony.  See
Browder v. State, 109 S.W.3d 484, 490 (Tex. Crim. App. 2003).

The trial court also expressly found Richardson’s witnesses “not credible” and was entitled to reject their testimony.  See
Hernandez v. State, 161 S.W.3d 491, 501 (Tex. Crim.
App. 2005) (the “factfinder may disbelieve some or all of a
witness’s testimony, even when that testimony is uncontradicted”).  In doing
so, the trial court could reasonably conclude that Richardson was operating the
Escort when the accident occurred.  Considering all the evidence in a neutral
light, we find that the trial court was justified in finding Richardson guilty
of driving while intoxicated.  Watson, 204 S.W.3d at 414-15. 
The proof of guilt is not so weak nor the conflicting evidence so strong as to
render the verdict clearly wrong and manifestly unjust.  Id.  We must defer to the fact-finder’s
determination of the credibility of the witnesses, and may not ignore evidence
that supports the fact-finder’s verdict.  See Johnson, 23 S.W.3d
at 8.  We overrule Richardson’s sole issue and affirm the trial court’s judgment.

            

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed January 16, 2008

Do not publish

[CR25]

 

            









[1]               According to the record, Pullin
never exited the vehicle.

 








s will
not issue.  He notes, however, that based on the procedural posture of the case,
as initially presented to this Court, see Order issued May 4, 2011 (footnote
1), he would not have requested additional briefing and would have at that time
affirmed the trial court’s decision that the appeal was frivolous and,
therefore, does not reach the issues presented in the statement of points
either directly or indirectly.)

 

 








 









[1] In challenging the constitutionality of
section 263.401, appellant hopes to suspend the time frame outlined so that his
pending criminal case can be resolved before he makes a final decision
regarding his children.  As stated herein, appellant voluntarily signed the
relinquishment affidavit, and perhaps more importantly, the State has a
legitimate purpose to seek security and stability for the children, rather than
subject them to appellant’s ever-changing desires.  See Brown v. McLennan
County Children’s Protective Servs., 627 S.W.2d 390, 393-94 (Tex. 1982)
(“Once that child has been surrendered . . . the safety,
education, care[,] and protection of the child, not the contentment or welfare
of the parent, is of utmost importance.”).