# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-13-00151-CV
---

**S. H., Appellant**

**v.**

**The Texas Department of Family and Protective Services, Appellee**

---
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. D-1-FM-11-004887, HONORABLE DARLENE BYRNE, JUDGE PRESIDING**
---

## M E M O R A N D U M   O P I N I O N

Appellant S.H. appeals from the district court's termination of her parental rights to her three children. She contends that the evidence is legally insufficient to support the court's finding that she voluntarily executed an affidavit of relinquishment and that the evidence is factually insufficient to support the finding that termination was in the children's best interest. We will affirm.

## BACKGROUND

S.H. is the mother of three children, J.H., A.H., and N.H. In July 2010, the Texas Department of Family and Protective Services (the Department) received a referral alleging neglectful supervision and physical abuse of all three children. In March 2011, it received a referral of medical neglect of J.H. In August 2011, the Department filed a petition seeking to terminate S.H.'s parental rights to all three children and was appointed temporary managing conservator on

an ex parte basis. After an evidentiary hearing, the Department was dismissed as temporary managing conservator and the case proceeded as a "court ordered services case." The Department was again appointed temporary managing conservator of the children in September 2012. In January 2013, a mediation was held. S.H. attended the mediation with her court-appointed attorney. The Department and S.H. reached an agreement and executed a mediated settlement agreement. S.H. agreed to sign an irrevocable affidavit of relinquishment of her parental rights to the children, and the Department agreed to use the affidavit of relinquishment as the sole basis for seeking termination of her parental rights. S.H. signed the affidavit of relinquishment that day.

The case went to trial in February 2013. The Department called a CPS caseworker and the children's court-appointed special advocate and guardian ad litem as witnesses and offered as exhibits the mediated settlement agreement and the S.H.'s affidavit of relinquishment. S.H. then testified that she misunderstood the meaning of the affidavit she signed. She stated that she "was thinking that [she] was signing the paper for safety for my kids to go with my cousin for six months." S.H. testified that she would never have signed the affidavit or the mediated settlement agreement if she had known that she was relinquishing her parental rights. On cross-examination S.H. stated that she asked her attorney at a meeting in December 2012 whether the papers meant that the children would go to her cousin's for six months and that her attorney told her that was the case.

At the conclusion of the trial, the court found that S.H. voluntarily relinquished her parental rights and that termination of S.H.'s parental rights to the three children was in their best interest. The court signed a final decree of termination, from which S.H. now appeals. In two issues, S.H. asserts that the evidence was legally insufficient to support a finding that she voluntarily signed

2

the affidavit of relinquishment and that the evidence was factually insufficient to support a finding that termination was in the children's best interest.

## DISCUSSION

### *Did S.H. Voluntarily Sign the Affidavit of Relinquishment?*

Once it is established by clear and convincing evidence that an affidavit of relinquishment was properly executed, the affidavit may only be set aside upon a finding, by a preponderance of the evidence, that it was procured by coercion, duress, fraud, deception, undue influence, or overreaching. *Lumbis v. Texas Dep't of Protective & Regulatory Servs.*, 65 S.W.3d 844, 850 (Tex. App.—Austin 2002, pet. denied) (citing *Vela v. Marywood*, 17 S.W.3d 750, 758 (Tex. App.—Austin 2000), *pet. denied*, 53 S.W.3d 684 (Tex. 2001)). The Department introduced the affidavit of relinquishment at trial and S.H. testified that she had in fact signed the affidavit. This satisfied the Department's burden of establishing proper execution. On appeal, S.H. does not contend that the preponderance of the evidence demonstrates that she did not voluntarily execute the affidavit of relinquishment. Instead, relying on a concurring and dissenting opinion in *In re L.M.I.*, she argues that the burden of proof should be on the Department to show, by clear and convincing evidence, that her execution was in fact voluntary. *See* 119 S.W.3d 707, 716 (Tex. 2003) (Owens, J., concurring and dissenting) (advocating reformulation of burden and standard of proof for setting aside affidavit of relinquishment). S.H. asserts that the Department did not meet this burden in light of her testimony that she did not understand that by signing the affidavit she was agreeing to relinquish her parental rights.

3

We decline S.H.'s invitation to depart from this Court's precedent regarding when the trial court may set aside a duly executed affidavit of relinquishment. *See Lumbis*, 65 S.W.3d at 850; *see also Wall v. Texas Dep't of Family and Protective Servs.*, No. 03-04-00716-CV, 2006 WL 1502094, at *2 (Tex. App.—Austin June 2, 2006, no pet.) (mem. op.).[1] In order for the affidavit of relinquishment to be set aside, S.H. was required to prove, by a preponderance of the evidence, that her execution of the affidavit was procured by coercion, duress, fraud, deception, undue influence, or overreaching. *See id.*

S.H. admitted that she signed the affidavit which, among other things, stated: "I have been informed of my parental rights, privileges, powers and duties. I freely, voluntarily, and permanently relinquish all my parental rights, privileges, powers and duties. I consent to the placement of the Children for adoption by the Texas Department of Family and Protective Services." S.H. also admitted that she initialed each line of the following paragraph, printed in bold capital letters:

> **I REALIZE THAT I SHOULD NOT SIGN THIS AFFIDAVIT UNTIL I HAVE READ AND UNDERSTOOD EACH WORD, SENTENCE, AND PARAGRAPH IN IT. I REALIZE THAT I SHOULD NOT SIGN THIS AFFIDAVIT OF RELINQUISHMENT IF THERE IS ANY THOUGHT IN MY MIND THAT I MIGHT SOMEDAY SEEK TO CHANGE MY MIND. I REALIZE THAT I SHOULD NOT SIGN THIS AFFIDAVIT OF RELINQUISHMENT IF I AM NOT THINKING CLEARLY BECAUSE OF ILLNESS, MEDICATION, MY EMOTIONAL STATE, OR ANY OTHER**

---

[1] We observe that other appellate courts have likewise declined to alter the standard and burden of proof based on arguments similar to S.H.'s. *See In re C.L.*, No 10-11-00228-CV, 2011 WL 5830472, at *2 (Tex. App.—Waco Nov. 16, 2011, no pet.) (mem. op.) (declining to adopt standard of review suggested by concurring and dissenting opinion in *In re L.M.I.*)*; In re D.E.H.*, 307 S.W.3d 825, 830 n.4 (Tex. App.—Fort Worth 2009, pet. denied) (same).

**REASON. BECAUSE I REALIZE HOW IMPORTANT THIS DECISION IS FOR THE FUTURE OF MY CHILDREN, I HAVE PUT MY INITIALS BESIDE EVERY LINE OF THIS PARAGRAPH SO THAT IT WILL ALWAYS BE UNDERSTOOD THAT I HAVE READ THIS AFFIDAVIT OF RELINQUISHMENT, UNDERSTAND IT, AND DESIRE TO SIGN IT.**

Despite having signed the affidavit of relinquishment and initialed each line of the paragraph stating that she had read and understood the affidavit, S.H. testified at trial that she did not believe that the affidavit would have the effect of relinquishing her parental rights. S.H. testified that she discussed the affidavit with her attorney, who told her in December that the affidavit provided that the children would go with S.H.'s cousin for six months and then return home.

The Department introduced into evidence a mediated settlement agreement S.H. signed at a mediation where she was represented by counsel. The mediation agreement provided, among other things, that S.H. would sign an affidavit of relinquishment and that the Department would use its best efforts to place the children with an appropriate adoptive family. An associate of Stacey Lewis, the attorney who represented S.H. at the mediation, appeared at trial and stated that Lewis told her she had read the pertinent documents to S.H. "line by line" and that Lewis was certain that S.H. understood that she was relinquishing her parental rights.

The trial court could reasonably have found that the evidence presented at trial did not meet S.H.'s burden of establishing by a preponderance of the evidence that the affidavit of relinquishment was procured by coercion, duress, fraud, deception, undue influence, or overreaching. *See Vela*, 17 S.W.3d at 758. And, as previously stated, S.H. does not contend on appeal that she has made that showing, instead arguing for the adoption of a different allocation of the burden of proof. The trial court found that the affidavit of relinquishment was executed voluntarily. The court heard

5

the witnesses and evaluated their credibility and the weight to be given their testimony. We will not second guess its determination on such issues. *See Lumbis*, 65 S.W.3d at 851. The evidence did not establish conclusively that the affidavit was procured by fraud, misrepresentation, overreaching, or undue influence; accordingly, we cannot hold that the trial court erred in finding that S.H. signed the affidavit voluntarily. *See Moore v. Brown*, No. 03-11-00886-CV, 2013 WL 692455, at *10, ___ S.W.3d ___ (Tex. App.—Austin Feb. 22, 2013, pet. filed). We overrule S.H.'s first appellate issue.

### Was Termination in the Children's Best Interest?

In her second issue, S.H. contends there was factually insufficient evidence to support the trial court's finding that termination of S.H.'s parental rights was in the children's best interest. The affidavit S.H. signed states that "[i]t is in the best interest of the Children that the Children be placed for adoption in a suitable home by an agency licensed by the Texas Department of Family and Protective Services to place the Children for adoption." The Department caseworker testified that termination was in each of the children's best interest. The children's court-appointed special advocate and guardian ad litem also testified that termination was in the children's best interest. There was no evidence that termination was not in the children's best interest. Moreover, an affidavit of relinquishment, in and of itself, can provide sufficient evidence that termination is in a child's best interest. *See Brown v. McLennan Cnty. Children's Protective Servs.*, 627 S.W.2d 390, 394 (Tex. 1982); *Lumbis*, 65 S.W.3d at 851 n.1. We overrule S.H.'s second appellate issue.

6

**CONCLUSION**

Having overruled S.H.'s two appellate issues, we affirm the district court's decree of termination.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed:   June 12, 2013

7