

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-16-00020-CV

**IN THE INTEREST OF K.S.L.**, a Child

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2015-PA-00341
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice
Dissenting Opinion by:  Jason Pulliam, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Jason Pulliam, Justice

Delivered and Filed:  July 6, 2016

I respectfully dissent from the majority opinion for the following reasons.

The appellants signed affidavits of voluntary relinquishment. The affidavits specifically reflect the appellants' understanding that termination of their parent-child relationship is in the best interest of their children. The basis of appellants' appeal is that evidence, in addition to the affidavits of voluntary relinquishment, was required to support the trial court's best interest finding. I disagree with this premise, and therefore, disagree with the majority's determination.

Section 161.211(c) of the Texas Family Code expressly applies to cases such as this involving challenges to the trial court's best interest finding when an affidavit of voluntary relinquishment forms the statutory basis for termination. The Family Code states that "[a] direct or collateral attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment of parental rights or affidavit of waiver of interest in a child is limited to issues

relating to fraud, duress, or coercion in the execution of the affidavit." TEX. FAM. CODE § 161.211(c). Appellants have not alleged that the execution of their affidavits was the result of fraud, duress, or coercion.

In addition, I believe that an unrevoked affidavit of relinquishment, in and of itself, is sufficient to support a trial court's finding that termination is in the best interest of the child. The Texas Supreme Court, in *Brown v. McLennan Cnty. Children's Protective Servs.*, 627 S.W.2d 390, 394 (Tex. 1982) determined that the Legislature intended for affidavits of voluntary relinquishment to be sufficient evidence to support a trial court's best interest finding.

Parental termination cases involving affidavits of voluntary relinquishment are clearly matters of great significance. Admittedly, there is a split of authority among the courts of appeal on this specific issue. I believe that the Texas Supreme Court must resolve this matter to provide clarity for the courts of appeal and the trial courts below. I believe that the Family Code and the cases interpreting it that find that an affidavit of voluntary relinquishment is sufficient to support a best interest finding are legally correct.

The majority's interpretation in this case of requiring evidence in addition to the affidavit would render the affidavit meaningless. Relinquishment would not mean relinquishment. Such an interpretation would also allow parents who have voluntarily relinquished their rights an opportunity to challenge the trial court's best interest finding based on grounds that are not specifically referenced in Section 161.211(c). This result is inconsistent with the clear intent of the law and harms children by leaving them in an uncertain status after their parents have made an intentional and voluntary decision to relinquish their parental rights.

For the foregoing reasons, I respectfully dissent.

Jason Pulliam, Justice