595 S.W.2d 873 (1980)
In re B. B. F. a Minor Child, Appellant.
No. 16341.
Court of Civil Appeals of Texas, San Antonio.
February 6, 1980.
*874 Rudolph Georges, Hope, Henderson, Hohman & Georges, San Antonio, for appellant.
Jesse B. Campos, Hernandez & Campos, San Antonio, for appellee.

OPINION
MURRAY, Justice,
On March 29, 1979, appellant, natural mother of a minor child, executed an Affidavit of Relinquishment of Parental Rights. The affidavit contained a waiver of the right to service of process in any suit to terminate the parent-child relationship. Later, that same day, the appellees filed an original petition praying for termination of the rights of the natural parents of the child and for adoption of the child. Thereafter without notice to appellant, a decree was signed by the trial court terminating the parent-child relationship between appellant and her natural son. From this decree, an appeal by writ of error has been perfected.
Appellant initially contends that the trial court erred in rendering the decree of termination because the waiver of citation was void since it was executed prior to the filing of suit. We disagree with this contention.
Generally, a waiver of the issuance and service of process is proper only if executed after suit is brought. See Tex. Rev.Civ.Stat.Ann. art. 2224 (Vernon 1971); Tex.R.Civ.P. 119. Section 15.02 of the Texas Family Code provides that a court may grant a petition requesting termination of the parent-child relationship if the parent has "executed before or after the suit is filed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Section 15.03 of this code ...." Tex.Fam.Code Ann. § 15.02(1)(K) (Vernon Supp. 1980). Section 15.03 provides in pertinent part that this affidavit may include "a waiver of process in a suit to terminate the parent-child relationship brought under Section 15.02(1)(K) ...." Id. § 15.03(c)(2). Since execution of an affidavit of relinquishment of parental rights is a proper basis for terminating those rights in a subsequent suit to terminate the parent-child relationship, and a waiver of process may be included in the affidavit, it is clear that a waiver of citation may be signed prior to the filing of suit. Thus, the Family Code provides an exception to the general rule that a waiver of citation is proper only if executed after suit is brought. See Smith, The Texas Family Code Symposium Parent and Child, 5 Tex.Tech.L.Rev. 389, 443 (1974). There is a sound reason for this exception. After executing an unrevoked or irrevocable affidavit of relinquishment of parental rights, a natural parent is no longer an interested party in a suit to terminate the parent-child relationship. Consequently, neither due process nor logic require that a person who has voluntarily relinquished parental rights and waived service of citation be given notice of a subsequent suit to terminate the parent-child relationship.[1]
By her second point of error appellant contends that the affidavit of relinquishment is fatally defective because it did not affirmatively show the credibility of the *875 attesting witnesses. We overrule this point of error.
There is no requirement in Section 15.03 or anywhere else that an affidavit of relinquishment affirmatively show the credibility of the attesting witnesses. Moreover, an affidavit of relinquishment of parental rights, in proper form, is prima facie evidence of its validity. Cf. Gasaway v. Nesmith, 548 S.W.2d 457, 458 (Tex.Civ.App. Houston [1st Dist.] 1977, writ ref'd n.r.e.) (self-proving affidavit in proper form is prima facie evidence of validity of will). Thus, it is not necessary for a proponent of an affidavit to offer direct testimony that the attesting witnesses are credible. We hold that the affidavit of relinquishment met the requirements of Section 15.03.
For the above-stated reasons the judgment of the trial court is affirmed.
NOTES
[1] Statutes providing for waiver of notice prior to the filing of suit have been upheld despite arguments that they violate the due process clause of the fourteenth amendment. See D. H. Overmyer Co. v. Frick Co., 405 U.S. 174, 183-87, 92 S.Ct. 775, 781-83, 31 L.Ed.2d 124 (1972); Myers v. Patton, 543 S.W.2d 22, 25 (Tex.Civ. App.Texarkana 1976, no writ).