

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-06-339-CV

IN THE INTEREST OF X.P., A CHILD

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

This is an appeal from an order terminating appellant's parental rights based on an irrevocable affidavit of voluntary relinquishment. We affirm.

### II. Background

On October 12, 2005, the Texas Department of Family and Protective Services (TDFPS) filed a petition to terminate appellant's parental rights to his

---

[1] *See* TEX. R. APP. P. 47.4.

child X.P.[2]  On September 7, 2006, appellant signed an irrevocable affidavit of voluntary relinquishment of parental rights (the Affidavit) in which he swore that termination of the parent-child relationship between appellant and X.P. was in X.P.'s best interest; relinquished all of his parental rights and duties to X.P.; consented to placing X.P. for adoption; and waived citation, notice, hearing, and notice of entry of decree.[3]

A trial on the merits of the termination was held on September 7, 2006. Appellant, having waived citation and notice, was not present at trial.  The trial court took judicial notice of the Affidavit and then heard testimony from two witnesses—X.P.'s mother and X.P.'s child protective services's case worker Courtney Thompson.  X.P.'s mother testified that she observed appellant execute the Affidavit and believed that appellant thought it was in X.P.'s best interest that appellant's brother adopt X.P. pursuant to TDFPS's service plan because it was "the best place" for X.P.[4] Thompson testified that appellant had engaged in multiple criminal activities; was believed to be "mentally unstable"; was currently incarcerated for assaulting X.P.'s aunt; and had been incarcerated

---

[2] TDFPS also filed a petition to terminate X.P.'s mother's parental rights to X.P. and to a second child, A.N.  Appellant is not A.N.'s father.

[3] *See* TEX. FAM. CODE ANN. § 161.103 (Vernon Supp. 2008) (setting forth requirements of an affidavit of voluntary relinquishment of parental rights).

[4] TDFPS also sought to place A.N. with appellant's brother D.P.

2

"off and on" for the past ten years rendering appellant "unavailable" to parent X.P. No controverting evidence was presented.

On September 11, 2006, the trial court entered a written order of termination finding, in relevant part, that appellant had voluntarily executed the Affidavit and that termination of the parent-child relationship between appellant and X.P. was in X.P.'s best interest. Subsequently, appellant's trial counsel timely filed a notice of appeal.

On October 5, 2006, the trial court held a hearing pursuant to family code section 263.405(d)(3) to determine whether any appeal from the termination order was frivolous.[5] Appellant's trial counsel filed a motion to withdraw and a brief in which he argued that any appeal was frivolous because the Affidavit was executed in compliance with the statutory requirements of family code section 161.103 and because there was no evidence to support a claim that appellant executed the Affidavit involuntarily. TDPFS agreed, and it also argued that any appeal was frivolous because appellant had failed to file a statement of points and, therefore, preserved no issues for appellate review. After the hearing, the trial court granted the motion to withdraw and later signed an order finding that appellant's appeal was frivolous.

---

[5] *See* TEX. FAM. CODE ANN. § 263.405 (d)(3) (Vernon Supp. 2008).

3

### III. Issues Presented

Appellant challenges the trial court's frivolousness determination contending that he received ineffective or no assistance of counsel after the termination trial because trial counsel withdrew from representation without filing a statement of points and did not undertake any investigation of the facts supporting a contest to the voluntariness of the Affidavit.[6]  In addition, to the extent the trial court's frivolousness finding has any "impact" on our review of the merits of his ineffective assistance of counsel complaint, appellant contends that the trial court abused its discretion in finding any appeal from the termination order was frivolous.  Appellant also contends that family code sections 263.405(b)(2), 263.405(d)(3) and 263.405(g) violate the separation of powers doctrine to the extent they prevent him from raising his ineffective assistance claim for the first time on appeal.

### IV. Ineffective Assistance of Counsel

Appellant asserts that his trial counsel's performance was deficient because trial counsel failed to file a statement of points within fifteen days of the date the trial court signed its final order as required by section

---

[6] Appellant also complains that trial counsel was ineffective for not filing an affidavit of indigence, but he recognizes in his appellate brief that this failure was "subsequently corrected on appeal."  Accordingly, we will not address this complaint.

4

263.405(b)(2) and, therefore, pursuant to section 263.405(i), appellant is precluded from raising an issue for appellate review.[7] Appellant claims that, but for trial counsel's deficient performance, there existed a reasonable probability that the trial court would have found his appeal non-frivolous. Appellant further claims that due to trial counsel's deficient performance, appellant's appeal was "irrevocably crippled."

In a suit in which termination of the parent-child relationship is sought, the appropriate standard of review for effective assistance of counsel is the same standard set forth by the United States Supreme Court in *Strickland v. Washington*.[8] The *Strickland* standard is well-established, fairly straightforward, and places a sufficiently high burden on the movant to establish that counsel's performance was deficient and that the deficient performance prejudiced the complaining party.[9]

---

[7] *See* TEX. FAM. CODE ANN. § 263.405(i) (Vernon Supp. 2008) (providing that an "appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points").

[8] 466 U.S. 668, 104 S. Ct. 2052 (1984); *In re M.S.*, 115 S.W.3d 534, 545 (Tex. 2003) (adopting *Strickland* standard in parental rights termination proceedings).

[9] *M.S.,* 115 S.W.3d at 545 (quoting *L.W. v. Dep't of Children & Families*, 812 So.2d 551 (Fla. Dist. Ct. App. 2002).

With respect to whether counsel's performance in a particular case is deficient, we must take into account all of the circumstances surrounding the case and focus primarily on whether counsel performed in a "reasonably effective manner"; that is, whether the errors made by counsel were so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment.[10] Counsel's performance falls below acceptable levels of performance when the representation is so grossly deficient as to render the proceedings "fundamentally unfair."[11] In making this determination, we must give great deference to counsel's performance and we should find ineffective assistance of counsel only in those situations where the challenged conduct was "so outrageous that no competent attorney would have engaged in it."[12]

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial; a trial whose result is reliable.[13] In other words, appellant must show that there is a

---

[10] *M.S.,* 115 S.W.3d at 545 (quoting *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064).

[11] *Brewer v. State,* 649 S.W.2d 628, 630 (Tex. Crim App. 1983); *see M.S.,* 115 S.W.3d at 545.

[12] *M.S.,* 115 S.W.3d at 545 (quoting *Garcia v. State,* 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

[13] *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064.

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[14] The record must affirmatively demonstrate counsel's ineffectiveness.[15] With the *Strickland* guidelines in mind, we consider appellant's complaint about counsel's conduct.

With regard to appellant's contention that trial counsel was ineffective because trial counsel's failure to timely file a statement of points precluded appellant from raising an issue for appellate review, this court has held that section 263.405(i) is an unconstitutional violation of the separation of powers provision of the Texas Constitution.[16] Thus, even assuming trial counsel's performance was deficient, appellant is capable of obtaining appellate review of non-frivolous, properly preserved issues not filed in a statement of points. He has, therefore, not been deprived of a meaningful appeal in this court.

Appellant also argues that trial counsel was ineffective because, without a statement of points, the trial court had no issues to consider in making its

---

[14] *Id.* at 694, 104 S. Ct. at 2068.

[15] *Ex parte Okere*, 56 S.W.3d 846, 855 (Tex. App.—Fort Worth 2001, pet. Ref'd).

[16] *In re D.W.*, 249 S.W.3d 625, 645 (Tex. App.—Fort Worth 2008), *pet. denied*, 2008 WL 2872621, at *1 (Tex. July 25, 2008) ("The petition for review is denied. In denying the petition, we neither approve nor disapprove the holding of the court of appeals regarding the constitutionality of Texas Family Code section 263.405(i).").

7

frivolous determination. Trial counsel, however, did identify to the trial court the issue appellant now claims would arguably support an appeal—whether appellant executed the affidavit of relinquishment of parental rights voluntarily. Trial counsel showed that the Affidavit was signed by appellant, notarized and witnessed, and that it otherwise complied with the statutory requirements for an affidavit of voluntary relinquishment of parental rights set forth in family code section 161.103.[17] He further represented that he had reviewed the facts surrounding the case and that he was aware of no evidence that the Affidavit was procured through fraud, duress, or coercion, or that appellant was incompetent or under the influence of drugs or alcohol when he executed the Affidavit.[18] Based on the Affidavit and the lack of evidence that it was executed involuntarily, the trial court determined that the appeal was frivolous,

---

[17] Evidence that the affidavit was signed, notarized, witnessed, and executed in compliance with section 161.103 is prima facie evidence of the affidavit's validity. *In re R.B.*, 225 S.W.3d 798, 804 (Tex. App.—Fort Worth 2007, pet. granted); *see In re V.R.W.,* 41 S.W.3d 183, 190 (Tex. App.—Houston [14th Dist] 2001, no pet.); *see also* TEX. FAM. CODE ANN. § 161.103.

[18] Once presumed valid, the affidavit may be set aside only upon proof, by a preponderance of the evidence, that the affidavit was executed as a result of fraud, duress, or coercion. *In re D.R.L.M.*, 84 S.W.3d 281, 296 (Tex. App.—Fort Worth 2002, pet. denied).

stating, "Appellant . . . did not present any issues of law by this appeal[.]"[19] Thus, even if trial counsel's performance was deficient for not filing a statement of points, the result of the frivolousness proceeding would, in all reasonable probability, have been the same.

Appellant further asks the court to speculate as to trial counsel's motives for not having appellant testify at the final hearing. Appellant contends that one possibility for his lack of testimony is collusion between his trial counsel and the other parties to conceal that the Affidavit was procured through fraud, duress, or coercion. Where the record is silent, it is impermissible for us to speculate that trial counsel's performance was the product of sinister motives.[20] Instead, we presume that trial counsel acted out of sound trial strategy.[21]

Appellant asserts that trial counsel's contention that there was no evidence that the Affidavit was executed involuntarily is incorrect. He argues that Thompson's testimony constitutes some evidence that he did not have the mental capacity to execute the Affidavit voluntarily: "He [appellant] has

---

[19] The trial court also found "no issue was presented by this appeal pursuant to [a statement of points]."

[20] *Tong v. State*, 25 S.W.3d 707, 714 (Tex. Crim. App. 2000) (holding that "without some explanation as to why counsel acted as he did, we presume that his actions were the product of an overall strategic design"); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc).

[21] *Tong*, 25 S.W.3d at 707.

9

engaged in multiple criminal activities and at this time he is, we believe, mentally unstable. . . ."

We do not consider Thompson's conclusory testimony sufficient to raise an issue regarding whether appellant was legally competent to execute the Affidavit. Thompson did not explain what she meant by "mentally unstable," and the record contains no underlying facts supporting her opinion as to appellant's mental state.[22] Nor does the record show that she is qualified to make a clinical assessment of appellant's mental state.

Appellant suggests that since it was obvious that he was unhappy that he executed the Affidavit, trial counsel should have known that there existed an issue regarding the voluntariness of the Affidavit. Mere expression of emotion, however, even at the time of signing of an affidavit, does not render the affidavit involuntary.[23]

___

[22] "A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Haynes v. City of Beaumont,* 35 S.W.3d 166, 178 (Tex. App.—Texarkana 2000, no pet.); *see AMS Constr. Co., Inc. v. Warm Springs Rehab. Found., Inc.,* 94 S.W.3d 152, 157 (Tex. App.—Corpus Christi 2002, no pet.).

[23] *Lumbis v. Tex. Dep't of Prot. & Reg. Servs.*, 65 S.W.3d 844, 851 (Tex. App.—Austin 2002). Appellant may have simply had a change of heart and wanted to revoke the Affidavit. Evidentiary support can be found for this in appellant's pro se findings. After the trial court found appellant's appeal to be frivolous and granted trial counsel's motion to withdraw, appellant himself filed with the trial court a pro se motion entitled First Amended Notice of Appeal, in which appellant referred to the September 7, 2006 termination as

10

Appellant did not complain that the Affidavit was involuntary until May 16, 2007, when he filed a motion for enforcement of the trial court's order that he be bench warranted, in which appellant stated: ". . . he was misled into believing it [sic] he would relinquish his parental right, he would have limited access to his son."  There is, however, no evidence in the record to support this allegation.  There are no conditions or promises outlined in the Affidavit itself.  Appellant signed the Affidavit; the Affidavit contains the signatures of two witnesses; and each page of the Affidavit bears appellant's initials.  The Affidavit states that appellant is aware that he is giving up all of his parental rights to X.P. to TDFPS; that the Affidavit is final, permanent, and irrevocable; and that, if appellant changes his mind, he can never force TDPFS to "destroy, revoke, or return" the Affidavit.  The termination order itself does not reference any promises or state that appellant would have any access, limited or otherwise, to X.P.[24]

---

the time when appellant "waived his parental rights voluntarily."  At that same time, appellant also filed a Motion for Appointment of Counsel on Appeal and again referred to September 7, 2006 as the time when appellant "voluntarily relinquished his parental rights."

[24] Appellant asks us to surmise that something about the Affidavit and the way it was procured was in error from the fact that he wanted to appeal the termination order.  There is nothing in the record, however, to support such an inference.

In conclusion, upon conducting a careful and thorough review of the record, we find no basis for appellant's ineffective assistance claim. Even assuming trial counsel's performance was deficient, appellant was not prejudiced by his trial counsel's conduct. The termination order is supported by uncontroverted testimony that appellant voluntarily executed the Affidavit and that he thought adoption by D.P. was "the best place" for X.P. The evidence clearly and convincingly establishes that the Affidavit was executed in compliance with the statutory requirements of section 161.103 of the family code.[25] There is no evidence that the Affidavit was executed involuntarily. Appellant's first issue is overruled.

---

[25] *In re B.B.F.,* 595 S.W.2d 873, 875 (Tex. App.—San Antonio 1980, no writ); *see* TEX. FAM. CODE ANN. § 161.103.

## V. Conclusion

Having overruled appellant's first issue, we affirm the judgment of the trial court.[26]

PER CURIAM

PANEL: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DELIVERED: August 21, 2008

---

[26] Because we have addressed the merits of appellant's ineffective assistance of counsel claim, as well as appellant's argument that the trial court's frivolousness finding was erroneous, we need not reach appellant's constitutional challenges to family code sections 263.405(b)(2), 263.405(d)(3) and 263.405(g). *See* TEX. R. APP. P. 47.1; *In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003), *cert denied* by *Dossey v. Tex. Dep't of Protective & Regulatory Servs.*, 541 U.S. 945, 124 S. Ct. 1674, 158 L.Ed.2d 371 (2004).

13