COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-339-CV

 

 

IN THE INTEREST OF X.P., A CHILD                                                       

 

 

                                              ------------

 

            FROM THE 415TH
DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

This is an appeal from an order terminating
appellant=s parental rights based on an
irrevocable affidavit of voluntary relinquishment.  We affirm. 


II.  Background








On October 12, 2005, the Texas
Department of Family and Protective Services (TDFPS) filed a petition to
terminate appellant=s parental rights to his child
X.P.[2]  On September 7, 2006, appellant signed an
irrevocable affidavit of voluntary relinquishment of parental rights (the
Affidavit) in which he swore that termination of the parent-child relationship
between appellant and X.P. was in X.P.=s best
interest; relinquished all of his parental rights and duties to X.P.; consented
to placing X.P. for adoption; and waived citation, notice, hearing, and notice
of entry of decree.[3]  








A trial on the merits of the
termination was held on September 7, 2006. Appellant, having waived citation
and notice, was not present at trial. 
The trial court took judicial notice of the Affidavit and then heard
testimony from two witnessesCX.P.=s mother
and X.P.=s child
protective services=s case worker Courtney
Thompson.  X.P.=s mother
testified that she observed appellant execute the Affidavit and believed that
appellant thought it was in X.P.=s best
interest that appellant=s brother adopt X.P. pursuant to
TDFPS=s
service plan because it was Athe best
place@ for
X.P.[4]  Thompson testified that appellant had engaged
in multiple criminal activities; was believed to be Amentally
unstable@; was
currently incarcerated for assaulting X.P.=s aunt;
and had been incarcerated Aoff and
on@ for the
past ten years rendering appellant Aunavailable@ to
parent X.P.  No controverting evidence
was presented.  

On September 11, 2006, the trial court entered a
written order of termination finding, in relevant part, that appellant had
voluntarily executed the Affidavit and that termination of the parent-child
relationship between appellant and X.P. was in X.P.=s best
interest.  Subsequently, appellant=s trial
counsel timely filed a notice of appeal. 

On October 5, 2006, the trial court held a
hearing pursuant to family code section 263.405(d)(3) to determine whether any
appeal from the termination order was frivolous.[5]  Appellant=s trial
counsel filed a motion to withdraw and a brief in which he argued that any
appeal was frivolous because the Affidavit was executed in compliance with the
statutory requirements of family code section 161.103 and because there was no
evidence to support a claim that appellant executed the Affidavit
involuntarily.  TDPFS agreed, and it also
argued that any appeal was frivolous because appellant had failed to file a
statement of points and, therefore, preserved no issues for appellate
review.  After the hearing, the trial
court granted the motion to withdraw and later signed an order finding that
appellant=s appeal was frivolous.  








III.  Issues Presented

Appellant challenges the trial
court=s
frivolousness determination contending that he received ineffective or no
assistance of counsel after the termination trial because trial counsel
withdrew from representation without filing a statement of points and did not
undertake any investigation of the facts 
supporting a contest to the voluntariness of the Affidavit.[6]  In addition, to the extent the trial court=s
frivolousness finding has any Aimpact@ on our
review of the merits of his ineffective assistance of counsel complaint,
appellant contends that the trial court abused its discretion in finding any
appeal from the termination order was frivolous.  Appellant also contends that family code
sections 263.405(b)(2), 263.405(d)(3) and 263.405(g) violate the separation of
powers doctrine to the extent they prevent him from raising his ineffective
assistance claim for the first time on appeal.

                            IV.
Ineffective Assistance of Counsel 








Appellant asserts that his trial counsel=s
performance was deficient because trial counsel failed to file a statement of
points within fifteen days of the date the trial court signed its final order
as required by section 263.405(b)(2) and, therefore, pursuant to section
263.405(i), appellant is precluded from raising an issue for appellate review.[7]  Appellant claims that, but for trial counsel=s
deficient performance, there existed a reasonable probability that the trial
court would have found his appeal non-frivolous.  Appellant further claims that due to trial
counsel=s
deficient performance, appellant=s appeal
was Airrevocably
crippled.@ 


In a suit in which termination of the
parent-child relationship is sought, the appropriate standard of review for
effective assistance of counsel is the same standard set forth by the United
States Supreme Court in Strickland v. Washington.[8]  The Strickland standard is
well-established, fairly straightforward, and places a sufficiently high burden
on the movant to establish that counsel=s
performance was deficient and that the deficient performance prejudiced the
complaining party.[9]  








With respect to whether counsel=s
performance in a particular case is deficient, we must take into account all of
the circumstances surrounding the case and focus primarily on whether counsel
performed in a Areasonably effective manner@; that
is, whether the errors made by counsel were so serious that counsel was not
functioning as the Acounsel@
guaranteed by the Sixth Amendment.[10]  Counsel=s
performance falls below acceptable levels of performance when the
representation is so grossly deficient as to render the proceedings Afundamentally
unfair.@[11]  In making this determination, we must give
great deference to counsel=s
performance and we should find ineffective assistance of counsel only in those
situations where the challenged conduct was Aso
outrageous that no competent attorney would have engaged in it.@[12]








The second prong of Strickland requires a
showing that counsel=s errors were so serious that
they deprived the defendant of a fair trial; a trial whose result is reliable.[13]  In other words, appellant must show that
there is a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been different.[14]  The record must affirmatively demonstrate
counsel=s
ineffectiveness.[15]  With the Strickland guidelines in
mind, we consider appellant=s
complaint about counsel=s conduct.

With regard to appellant=s
contention that trial counsel was ineffective because trial counsel=s
failure to timely file a statement of points precluded appellant from raising
an issue for appellate review, this court has held that section 263.405(i) is
an unconstitutional violation of the separation of powers provision of the
Texas Constitution.[16]  Thus, even assuming trial counsel=s
performance was deficient, appellant is capable of obtaining appellate review
of non-frivolous, properly preserved issues not filed in a statement of
points.  He has, therefore, not been
deprived of a meaningful appeal in this court.













Appellant also argues that trial counsel was
ineffective because, without a statement of points, the trial court had no
issues to consider in making its frivolous determination.  Trial counsel, however, did identify to the
trial court the issue appellant now claims would arguably support an appealCwhether
appellant executed the affidavit of relinquishment of parental rights
voluntarily.  Trial counsel showed that
the Affidavit was signed by appellant, notarized and  witnessed, and that it otherwise complied
with the statutory requirements for an affidavit of voluntary relinquishment of
parental rights set forth in family code section 161.103.[17]  He further represented that he had reviewed
the facts surrounding the case and that he was aware of no evidence that the
Affidavit was procured through fraud, duress, or coercion, or that appellant
was incompetent or under the influence of drugs or alcohol when he executed the
Affidavit.[18]  Based on the Affidavit and the lack of
evidence that it was executed involuntarily, the trial court determined that
the appeal was frivolous, stating, AAppellant
. . . did not present any issues of law by this appeal[.]@[19] Thus,
even if trial counsel=s performance was deficient for
not filing a statement of points, the result of the frivolousness proceeding
would, in all reasonable probability, have been the same.

Appellant further asks the court to speculate as
to trial counsel=s motives for not having
appellant testify at the final hearing. 
Appellant contends that one possibility for his lack of testimony is
collusion between his trial counsel and the other parties to conceal that the
Affidavit was procured through fraud, duress, or coercion.  Where the record is silent, it is
impermissible for us to speculate that trial counsel=s
performance was the product of sinister motives.[20]  Instead, we presume that trial counsel acted
out of sound trial strategy.[21]









Appellant asserts that trial counsel=s
contention that there was no evidence that the Affidavit was executed
involuntarily is incorrect.  He argues
that Thompson=s testimony constitutes some
evidence that he did not have the mental capacity to execute the Affidavit
voluntarily: AHe [appellant] has engaged in
multiple criminal activities and at this time he is, we believe, mentally
unstable. . . .@ 

We do not consider Thompson=s
conclusory testimony sufficient to raise an issue regarding whether appellant
was legally competent to execute the Affidavit. 
Thompson did not explain what she meant by Amentally
unstable,@ and the record contains no
underlying facts supporting her opinion as to appellant=s mental
state.[22]  Nor does the record show that she is
qualified to make a clinical assessment of appellant=s mental
state.  

Appellant suggests that since it was obvious that
he was unhappy that he executed the Affidavit, trial counsel should have known
that there existed an issue regarding the voluntariness of the Affidavit.  Mere expression of emotion, however, even at
the time of signing of an affidavit, does not render the affidavit involuntary.[23]    








Appellant did not complain that the Affidavit was
involuntary until May 16, 2007, when he filed a motion for enforcement of the
trial court=s order that he be bench
warranted, in which appellant stated: A. . . he
was misled into believing it [sic] he would relinquish his parental right, he
would have limited access to his son.@  There is, however, no evidence in the record
to support this allegation.  There are no
conditions or promises outlined in the Affidavit itself.  Appellant signed the Affidavit; the Affidavit
contains the signatures of two witnesses; and each page of the Affidavit bears
appellant=s initials.  The Affidavit states that appellant is aware
that he is giving up all of his parental rights to X.P. to TDFPS; that the
Affidavit is final, permanent, and irrevocable; and that, if appellant changes
his mind, he can never force TDPFS to Adestroy,
revoke, or return@ the Affidavit.  The termination order itself does not
reference any promises or state that appellant would have any access, limited
or otherwise, to X.P.[24]








        In conclusion, upon conducting a careful and thorough review
of the record, we find no basis for appellant=s
ineffective assistance claim.  Even
assuming trial counsel=s performance was deficient,
appellant was not prejudiced by his trial counsel=s
conduct.  The termination order is
supported by uncontroverted testimony that appellant voluntarily executed the
Affidavit and that he thought adoption by D.P. was Athe best
place@ for
X.P.  The evidence clearly and
convincingly establishes that the Affidavit was executed in compliance with the
statutory requirements of section 161.103 of the family code.[25]  There is no evidence that the Affidavit was
executed involuntarily.  Appellant=s first
issue is overruled.








V.  Conclusion

Having
overruled appellant=s first issue, we affirm the
judgment of the trial court.[26]


 

PER CURIAM

 

PANEL:  CAYCE, C.J.; DAUPHINOT
and MCCOY, JJ.

 

DELIVERED:  August 21, 2008                     

 

 











[1]See Tex. R. App. P. 47.4.





[2]TDFPS also filed a
petition to terminate X.P.=s mother=s parental rights to X.P. and to a second child,
A.N.  Appellant is not A.N.=s father.  





[3]See Tex.
Fam. Code Ann. ' 161.103 (Vernon
Supp. 2008) (setting forth requirements of an affidavit of voluntary
relinquishment of parental rights). 





[4]TDFPS also sought to
place A.N. with appellant=s brother D.P.





[5]See Tex. Fam. Code Ann. ' 263.405 (d)(3) (Vernon Supp. 2008).





[6]Appellant also complains
that trial counsel was ineffective for not filing an affidavit of indigence,
but he recognizes in his appellate brief that this failure was Asubsequently corrected on
appeal.@  Accordingly, we will not address this
complaint.





[7]See Tex. Fam. Code Ann. ' 263.405(i) (Vernon Supp. 2008) (providing that
an Aappellate court may not
consider any issue that was not specifically presented to the trial court in a
timely filed statement of points@).





[8]466 U.S. 668, 104 S. Ct.
2052 (1984); In re M.S., 115 S.W.3d 534, 545 (Tex. 2003) (adopting Strickland
standard in parental rights termination proceedings).





[9]M.S., 115 S.W.3d at 545
(quoting L.W. v. Dep=t of Children & Families, 812 So.2d 551 (Fla.
Dist. Ct. App. 2002).





[10]M.S., 115 S.W.3d at 545
(quoting Strickland, 466 U.S. at 687, 104 S. Ct. at 2064).  





[11]Brewer v. State, 649 S.W.2d 628, 630 (Tex.
Crim App. 1983); see M.S., 115 S.W.3d at 545.





[12]M.S., 115 S.W.3d at 545
(quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). 





[13]Strickland,
466 U.S. at 687, 104 S. Ct. at 2064.





[14]Id. at 694,
104 S. Ct. at 2068.





[15]Ex parte Okere, 56 S.W.3d 846, 855
(Tex. App.CFort Worth 2001, pet. Ref=d).  





[16]In re D.W., 249 S.W.3d 625, 645
(Tex. App.CFort Worth  2008), pet. denied, 2008 WL 2872621,
at *1 (Tex. July 25, 2008) (AThe petition for review is denied.  In denying the petition, we neither approve
nor disapprove the holding of the court of appeals regarding the constitutionality
of Texas Family Code section 263.405(i).@).





[17]Evidence that the
affidavit was signed, notarized, witnessed, and executed in compliance with
section 161.103 is prima facie evidence of the affidavit=s validity.  In re R.B., 225 S.W.3d 798, 804 (Tex.
App.CFort Worth 2007, pet.
granted); see In re V.R.W., 41 S.W.3d 183, 190 (Tex. App.CHouston [14th Dist] 2001,
no pet.); see also Tex.
Fam. Code Ann. ' 161.103.





[18]Once presumed valid, the
affidavit may be set aside only upon proof, by a preponderance of the evidence,
that the affidavit was executed as a result of fraud, duress, or coercion.  In re D.R.L.M., 84 S.W.3d 281, 296
(Tex. App.CFort Worth 2002, pet.
denied).





[19]The trial court also
found Ano issue was presented by
this appeal pursuant to [a statement of points].@  





[20]Tong v. State, 25 S.W.3d 707, 714
(Tex. Crim. App. 2000) (holding that Awithout some explanation as to why counsel acted
as he did, we presume that his actions were the product of an overall strategic
design@); Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc).





[21]Tong, 25 S.W.3d
at 707.





[22]AA conclusory statement is
one that does not provide the underlying facts to support the conclusion.@  Haynes v. City of Beaumont, 35 S.W.3d
166, 178 (Tex. App.CTexarkana 2000, no pet.);
see AMS Constr. Co., Inc. v. Warm Springs Rehab. Found., Inc., 94 S.W.3d
152, 157 (Tex. App.CCorpus Christi 2002, no
pet.).





[23]Lumbis v. Tex. Dep=t of Prot. & Reg.
Servs.,
65 S.W.3d 844, 851 (Tex. App.CAustin 2002). 
Appellant may have simply had a change of heart and wanted to revoke the
Affidavit.  Evidentiary support can be
found for this in appellant=s pro se findings.  After the trial court found appellant=s appeal to be frivolous
and granted trial counsel=s motion to withdraw,
appellant himself filed with the trial court a pro se motion entitled First
Amended Notice of Appeal, in which appellant referred to the September 7, 2006
termination as the time when appellant Awaived his parental rights voluntarily.@  At that same time, appellant also filed a
Motion for Appointment of Counsel on Appeal and again referred to September 7,
2006 as the time when appellant Avoluntarily relinquished his parental rights.@ 





[24]Appellant asks us to
surmise that something about the Affidavit and the way it was procured was in
error from the fact that he wanted to appeal the termination order.  There is nothing in the record, however, to
support such an inference.





[25]In re B.B.F., 595 S.W.2d 873, 875 (Tex.
App.CSan Antonio 1980, no
writ); see Tex. Fam. Code Ann. ' 161.103.





[26]Because we have addressed
the merits of appellant=s ineffective assistance
of counsel claim, as well as appellant=s argument that the trial court=s frivolousness finding
was erroneous, we need not reach appellant=s constitutional challenges to family code
sections 263.405(b)(2), 263.405(d)(3) and 263.405(g).  See Tex.
R. App. P. 47.1; In re B.L.D., 113 S.W.3d 340, 349 (Tex. 2003), cert
denied by Dossey v. Tex. Dep=t of Protective & Regulatory Servs., 541 U.S. 945, 124 S.
Ct. 1674, 158 L.Ed.2d 371 (2004).