Opinion issued May 19, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00643-CV

———————————

Jose Montes and Brandy Taylor, Appellants

V.

Department
of Family and Protective Services, Appellee



 



 

On Appeal from the 506th Judicial District Court 

Grimes County, Texas



Trial Court Case No. 31349

 



 

MEMORANDUM OPINION

          In
this accelerated appeal, appellants, Jose Montes and Brandy Taylor, challenge
the trial court’s decree, entered after appellants had signed a rule 11 agreement[1] and affidavits of
relinquishment, terminating their parental rights to two of their minor
children.  In two issues, appellants
contend that the trial court erred in finding their appeal frivolous[2] and the evidence is legally
and factually insufficient to support a finding that they had knowingly and
voluntarily executed the affidavits of relinquishment.[3]  

          We
affirm.   

Background

          After
the Texas Department of Family and Protective Services (“DFPS”) filed a
petition for conservatorship and to terminate appellants’ parental rights to their
three children, the trial court empanelled a jury to consider the termination
of appellants’ parental rights to two of the children.  During the jury trial, appellants’ trial counsel
requested a fifteen minute recess to “finalize [a] conversation” that she was
having with appellants.  The trial court
granted the request, and, approximately four hours later, appellants informed
the trial court that they were waiving their right to proceed with the jury
trial and had signed affidavits relinquishing their parental rights to the two
children.  DFPS then moved for a trial
amendment to include the additional ground that the parents had executed “an
unrevoked or irrevocable affidavit of relinquishment of parental rights,” and
the trial court granted DFPS’s request.  See Tex. Fam. Code Ann. § 161.001(1)(K)
(Vernon Supp. 2010).  The trial court
then conducted a bench trial on the sole ground of the voluntary relinquishment
of appellants’ parental rights to the two children.  Appellants also entered into a rule 11
agreement with the children’s foster parents to allow appellants access to the two
children four times a year.  In proving
up their affidavits of relinquishment, appellants testified that they had consulted
with their attorney and reviewed the affidavits with her, it was in the best
interest of their children to execute the affidavits, they signed the affidavits
voluntarily, and, by signing the affidavits, they knew that they were giving up
their parental rights and could not change their minds.

          At
the conclusion of the bench trial, the trial court found by clear and
convincing evidence that appellants “did, in fact, voluntarily relinquish
[their] parental rights in and to the [two] children” and it was in the best
interest of the two children that appellants’ parental rights be
terminated.  Subsequently, the trial
court entered the order terminating appellants’ parental rights to the two
children.  Appellants later filed a “Statement
of [Appellate] Points,” alleging nine points for appeal.  The trial court found appellants to be indigent,
held a hearing to determine whether any appeal from the termination order would
be frivolous, and found the appeal would be frivolous.[4] 

After making the frivolousness
finding, the trial court allowed appellants’ attorney to make a bill of
exception, in which Montes testified about the circumstances surrounding his
execution of the affidavit of relinquishment of his parental rights.  Appellants’ trial counsel and Kim Arredondo,
appellants’ counselor and therapist, also testified about the circumstances
surrounding the execution of the affidavits of relinquishment.  

Standard of Review

When
an appeal is sought from an order terminating the parent-child relationship, a
trial court must determine whether “the appeal is frivolous as
provided by section 13.003(b)” of the Texas Civil Practices and Remedies Code.  Tex.
Fam. Code Ann. § 263.405(d)(3).  Section
13.003(b) provides that, “[i]n determining whether an appeal is frivolous, a
judge may consider whether the appellant has presented a substantial question
for appellate review.”  Tex. Civ. Prac. & Rem. Code Ann. §
13.003(b) (Vernon 2002).  Generally, an
appeal is frivolous when it lacks an arguable basis either in law or in
fact.  See In re K.D.,
202 S.W.3d 860, 866
(Tex. App.—Fort Worth 2006, no pet.) (citing De La Vega v. Taco
Cabana, Inc., 974 S.W.2d 152, 154
(Tex. App.—San Antonio 1998, no pet.)).  

If a trial court makes a frivolousness
finding, an aggrieved parent may appeal, but the appeal is initially limited to
the frivolousness issue.
 See Tex. Fam. Code Ann. § 263.405(g) (Vernon 2008); In re K.D., 202 S.W.3d at 865 (“[O]nce the
trial court determines that an appeal is frivolous, the scope of appellate
review is statutorily limited to a review of the trial court’s frivolousness
finding.”).  That is, before we can reach
the substantive merits of an appeal in which a frivolousness finding has been
made, we must first determine whether the trial court properly found the appeal
to be frivolous.  See Lumpkin v. Dep’t
of Family and Protective Servs.,
260 S.W.3d 524, 526 (Tex. App.—Houston [1st Dist.] 2008, no pet.); In re S.T.,
239 S.W.3d 452, 454 (Tex. App.—Waco 2007, order) (per curiam). 
We review a trial court’s frivolousness finding under an abuse of
discretion standard.  In re M.N.V., 216 S.W.3d 833, 834 (Tex. App.—San
Antonio 2006, no pet.); In re K.D.,
202 S.W.3d at 866.  Applying that standard, we decide whether the
trial court acted without reference to any guiding rules or principles; in
other words, we must decide whether the act was arbitrary or unreasonable.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238,
241–42 (Tex. 1985).

Voluntariness of Affidavit

In
their first issue, appellants argue that the trial court erred in finding their
appeal frivolous because appellants’ testimony that “they felt pressured and
felt like they had no other choice” but to sign the affidavits of
relinquishment created a substantial question for appellate review “based on a
question of law and facts.”  In their
second issue, appellants argue that the trial court could not have found, by
clear and convincing evidence, that the affidavits were knowingly and
voluntarily executed.[5]  

An appeal of a termination order is
limited to the issues presented in a statement of appellate points.  See Tex.
Fam. Code Ann. § 263.405(i); see Pool v. Tex. Dep’t
of Family & Protective Servs., 227 S.W.3d 212, 215
(Tex. App.—Houston [1st Dist.] 2007, no pet.).  Thus, if a trial court has determined that an
appeal would be frivolous, the court has necessarily determined that each of
the issues identified in the statement of appellate points is frivolous; that
is, they lack a substantial basis in law or fact.  See In re S.T., 263 S.W.3d 394,
403–04 (Tex. App.—Waco 2008, no pet.).  Here, appellants identified nine appellate
issues in their statement of appellate points; however, at the hearing they
chose to proceed on only one ground: “The Affidavits of Relinquishment signed
by both Brandy Taylor and Jose Montes were not executed voluntarily, but were
executed under duress.”  

Family Code section
161.001 authorizes a trial court to terminate a parent-child
relationship if the court finds by clear and convincing evidence that the
parent has executed an unrevoked affidavit of relinquishment of parental rights
and termination is in the best interest of the child.  Tex.
Fam. Code Ann. § 161.001(1)(K), (2).  “A direct or collateral attack on an order terminating
parental rights based on an unrevoked affidavit of relinquishment of parental
rights or affidavit of waiver of interest in a child is limited to issues
relating to fraud, duress, or coercion in the execution of the affidavit.”  Id.
§ 161.211 (Vernon 2008).

Implicit in the Family Code is the
requirement that an affidavit of relinquishment of parental rights must be
voluntarily executed.  See Williams v.
Williams, 150 S.W.3d 436, 447 (Tex. App.—Austin 2004, pet.
denied); Vela v. Marywood, 17 S.W.3d 750, 759 (Tex. App.—Austin
2000), pet. denied, 53 S.W.3d 684 (Tex. 2001);
Neal v. Tex. Dep’t
of Human Servs., 814 S.W.2d 216,
218–19 (Tex. App.—San Antonio 1991, writ denied).
 Moreover, because an affidavit of
relinquishment waives a constitutional right, it must be made voluntarily,
knowingly, intelligently, and with full awareness of its legal consequences.  See Vela,
17 S.W.3d at 759.  The proponent of the affidavit has the burden
to establish by clear and convincing evidence that the affidavit was executed
according to the terms of section 161.103 of
the Family Code.  Tex.
Fam. Code Ann. § 161.103 (Vernon 2008); Vela,
17 S.W.3d at 758.  An affidavit of relinquishment in proper form
is prima facie evidence of its validity.  In re B.B.F., 595
S.W.2d 873, 875 (Tex. Civ. App.—San Antonio 1980, no writ).
 Once the proponent has met that burden,
the burden then shifts to the affiant to establish by a preponderance of the
evidence that the affidavit was executed as a result of fraud, duress, or
coercion.  Vela,
17 S.W.3d at 758; see also Tex. Fam. Code Ann. § 161.211(c).  Duress occurs when, due to some kind of
threat, a person is incapable of exercising his free agency and unable to
withhold consent.  In re D.E.H., 301 S.W.3d 825, 829 (Tex. App.—Fort Worth 2009, pet.
denied).  

Appellants assert that
Montes’s testimony, presented in their bill of exception, “that they felt
pressured” and “had no other choice” but to sign the affidavits “created a
substantial question for appellate review based on a question of law and
facts.”  A review of the record reveals
that when proving up his affidavit of relinquishment in the bench trial, Montes
testified that he had had an opportunity to review the Affidavit of Voluntary
Relinquishment of Parental Rights, reviewed everything in the document with his
attorney, understood all of his rights under the Texas Family Code, understood
exactly what he would be waving by signing the affidavit, and did not have any
questions about the agreement.  He then
stated, “What I want to say is I’m in agreement.”  Montes also stated that he understood that
once the document was signed and entered with the court he could not change his
mind.  The following exchange between
Montes and his counsel then occurred: 

[Appellants’
Counsel]:  And are you asking the Court to
review the affidavit of voluntary relinquishment and understand that you
voluntarily and fully enter into this?

 

[Montes]:              No.

 

[Appellants’ Counsel]:  You do not voluntarily signed this?

 

[Montes]:              Oh, yes, yes.

 

[Appellants’
Counsel]:  And after voluntarily signing
this, do you want the Court to accept and approve it; is that correct?

 

[Montes]:              Yes.

 

          Taylor
similarly testified that she had reviewed every statement in the affidavit of
relinquishment with her attorney and her attorney explained the affidavit to
her and gave her the opportunity to ask questions about the affidavit.  She understood her legal rights under the
Texas Family Code, and she understood that, by signing and filing the affidavit
with the court, she was giving up her parental rights, and, once the document was
filed, she could not change her mind.  

At the hearing on the issue of the
frivolousness of this appeal, appellants’ counsel asserted that Montes speaks
very little English, “he believes that he was forced into signing” the
affidavit, and he “felt that he [did not] clearly understand what he was
signing when he executed the affidavit.” 
Counsel, referring to the testimony of Montes, asserted that it revealed
some “confusion” and Montes did not “fully understand[] the questions.”  Taylor was not present at the hearing, and
counsel made no argument specifically as to the circumstances surrounding the
execution of her affidavit.  

However, the record reveals that Montes
testified that he was in “agreement” with terminating his parental rights.  Moreover, after the “confusion” alluded to by
his counsel, Montes was asked again, in order to clarify, if he had voluntarily
signed the affidavit.  Montes answered,
“Oh, yes, yes.”  Furthermore, an
interpreter was present throughout the trial and during the four-hour break,
after which appellants signed the affidavits of voluntary relinquishment.  Based on the evidence presented in the
record, we conclude that appellants raised no evidence of duress.  The only evidence presented to and considered
by the trial court was appellants’ testimony, from the initial transcript at
trial, as to their signing of the affidavits.  Although appellants may have felt “pressured”
to execute their affidavits, and “forced” to sign the affidavits, there is no
evidence of any “threat” that would have rendered them unable to withhold
consent.  The trial court took judicial
notice of the record, and, because no motion for new trial was filed, there was
no other evidence presented before the trial court entered its frivolous
finding.  

We note that appellants, on appeal, cite
to several statements made by Montes in the bill of exception.  Montes testified that he felt forced to sign
the affidavit, he felt as if he had no other choice but to sign the affidavit,
he felt pressured because he did not have any other options, he believed that
the jury was going to believe the “lies” of DFPS and take away his children,
and he felt “blocked.”  Montes also
testified that he believed that if he did not sign the affidavit, DFPS would
take his third child away from him.  He
also thought that signing the affidavit was “a temporary relief to all the
lies.”  However, Montes’s testimony,
presented in appellants’ bill, that appellants felt pressured to make a
decision and were faced with the possible removal of their third child does not
establish that their relinquishment was the result of duress or other
wrongdoing.  See D.E.H., 301 S.W.3d at 830; In
re R.B., 225 S.W.3d 798, 806 (Tex. App.—Fort Worth 2007, no pet.).  

Accordingly, we hold that the trial
court did not abuse its discretion in finding appellants’ issues to be
frivolous.  

Conclusion

          We
affirm the judgment of the trial court.  

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Higley, and Brown.











[1]           See
Tex. R. Civ. P. 11.

 





[2]           See
Tex. Fam. Code Ann. §
263.405(d) (Vernon 2008).

 





[3]           See
id. § 161.001(1)(K) (Vernon Supp. 2010).  


 





[4]
          See Tex. Fam. Code Ann.
§ 263.405(d).  Although appellants filed
a statement of appellate points, they did not file a motion for new trial.  Counsel for DFPS objected to the relevance of
the factual information that appellants wanted to present in their bill of
exception, stating, “If no motion for new trial was filed thereby extending the
court’s plenary power and ability to have a fact-finding hearing, then strictly
you are limited to the frivolousness determination which I don’t believe
supports the ability of the [appellants] in this case to offer evidence as to
the facts surrounding the execution of the affidavits of relinquishment in this
case.”  The trial court sustained the
objection, allowed the respective parties to present an argument, and took
judicial notice of the reporter’s record from the bench trial.  

 





[5]
          DFPS argues that appellants have
waived their second issue on appeal because, at the frivolousness hearing, they
abandoned all but one of their issues in their statement of appellate
points.  DFPS notes that this issue is
similar to issue seven in their statement, which reads, “The Trial Court lacked
sufficient evidence to support a finding by clear and convincing evidence that
[appellants] voluntarily executed an Affidavit of Relinquishment as to each child the subject of this suit.”  It asserts, however, that on appeal, a party seeking to overturn a termination order based on an
unrevoked affidavit of relinquishment is limited to arguing fraud, duress, or
coercion in the execution of the affidavit.  See Tex. Fam. Code Ann. § 161.211(c)
(Vernon 2008).  Appellants’ argument in
their second issue on appeal is that the trial court could not have found that they
had executed the affidavits voluntarily because they were acting under
duress.  In their issues presented,
appellants ask (1) “Whether the appeal lacks an arguable basis in either law or
fact and is frivolous” and (2) “Whether the Affidavits of Voluntary
Relinquishment of Parental Rights signed by [appellants] were not executed
voluntary but were executed under duress.” 
Accordingly, their second issue is necessarily intertwined with their
first issue and has not been waived.